CITY OF DAYTON *v.* PETERSON.

(No. 78 CRB 2224—Decided June 2, 1978.)

Dayton Municipal Court, Criminal Division.

*Mr. James D. Dennis,* assistant city prosecutor.
*Mr. Kurt R. Portmann,* for defendant.

MERZ, J. Defendant is charged with disorderly conduct, resisting arrest, and obstructing official business, all arising from his refusal to cooperate with a police investigation of his automobile about 2:00 in the morning of April 11, 1978.

Police inquiry about the car was reasonable since it was parked partially in an alley and was found in an area where there are many stolen cars. When Officer Wright approached defendant to inquire, however, Mr. Peterson became boisterous, belligerent, and uncooperative. His pattern of behavior gave rise to the three charges discussed below.

I. *Disorderly Conduct*

A citizen loudly shouting profanity at police officers in a residential neighborhood at 2:00 a. m. is clearly acting in a disorderly fashion. Mr. Peterson, however, cannot be convicted of that offense here, since he was not brought to trial within the time allowed by R. C. 2945.71.

The city argues the trial is timely because it occurred forty-three days after arrest and the face page of the complaint labels this offense as a fourth degree misdemeanor. Disorderly conduct may be a fourth degree misdemeanor if it continues "after a reasonable request to desist." R. C. G. O. Section 137.01.(E). Here the city proved that Mr. Peterson did persist after being asked to quiet down. However, the charging portion of the complaint fails to allege this element necessary to raise the offense from a minor to a fourth degree misdemeanor. The court believes it would be fundamentally unfair to permit an amendment at the end of trial to charge a more serious offense. Since the offense actually charged was a minor misdemeanor and defendant was not brought to trial within thirty days of arrest, he must be discharged on this offense under R. C. 2945.73.

II. *Resisting Arrest*

Upon the evidence adduced, the court finds the defendant did resist by force a lawful arrest of himself for dis-

orderly conduct and is accordingly GUILTY of this offense.

### III. *Obstructing Official Business*

Defendant is also charged with violating R. C. G. O. Section 131.02(A) which provides:

"No person, without privilege to do so and with purpose to prevent, obstruct or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."

The ordinance is a verbatim re-enactment of R. C. 2921.31.

Each of the elements of the ordinance must be analyzed against the facts relied upon by the City as proof.

It is clear that a police officer is a "public official" within the meaning of the ordinance, R. C. 2921.01(A). Furthermore, in investigating the suspicious and/or illegally parked automobile, Officer Wright was engaged in the "performance * * * of [an] authorized act within his official capacity."

Finally, the city adequately showed that it was defendant's specific intent at least to delay Officer Wright in investigating the car; that purpose is inferrable from his conduct with its immediately evident delaying effects, in the absence of any explanation by defendant of any other believable purpose.

The city also has the burden of showing that the defendant's acts actually hampered or impeded a public official in the performance of his lawful duties. Two sets of facts are relied upon for this element. The city argues that two additional crews had to be called to the scene to assist with the investigation and to effect defendant's arrest. Subsequent to the arrest, police officers had to transport and book defendant, prepare offense reports, and testify at trial. All of this of course distracted the officers from the performance of other police duties.

Without doubt, all of these consequences flowed from from defendant's acts. But, if each of these facts is sufficient to support an obstructing charge, then every criminal defendant is guilty of an obstruction. For example,

every defendant who does not confess could be held to have purposely forced police witnesses against him or her to testify at trial, thereby taking them away from other police work and thereby obstructing official business. Surely that is not what the statute and ordinance mean.

The Legislative Service Commission comment to R. C. 2921.31 suggests a narrower construction. It reads in part:

"Under this section, the means used to commit the offense is unimportant, so long as it is done without privilege, and with the purpose of preventing, obstructing, or delaying an official act, and *actually has its intended effect.*" (Emphasis supplied.)

In other words, if a defendant specifically intends a particular obstructing effect and accomplishes his or her purpose, the statute is violated. This construction appears much more in accord with the purposes of the statute, and the court adopts it. Certainly very few persons have themselves arrested with a view to annoying police officers by requiring them to transport, book, and testify. Persons should not be punished, under a statute requiring specific intent, for the totally unintended consequences of their acts. The effect of defendant's acts in impeding investigation of the car are relevant and sufficient to support a conviction under this ordinance; the further effects of defendant's acts on the allocation of police time are irrelevant.

It is on the final element that the city's case fails, for it has not shown defendant acted without privilege.

Essentially, defendant stood mute in the face of police interrogation about his identity. The Court holds he cannot be punished under R. C. G. O. Section 131.02 or R. C. 2921.31 for this behavior.

This conclusion is based directly on the Ohio Supreme Court's decision in *Columbus* v. *Fisher* (1978), 53 Ohio St. 2d 25 (*per curiam*). There, Gregory Fisher was charged with and convicted of falsification for giving his name as Albert Fisher to an investigating officer. The relevant portion of the Columbus ordinance in suit (a verbatim copy of R. C. 2921.13) provided:

"No person shall knowingly make a false statement

16

* * * when * * *(3) The statement is made with purpose to mislead a public official in performing his official function."

If a public official is hampered or impeded in his duties by being misled, then the conduct forbidden by this portion of the falsification statute is a subset of the conduct forbidden by the obstructing statute. In any event, the two sections are intimately related in legislative intent; both are intended to punish purposeful interference with the performance of official duties.

There can be little doubt that furnishing a false name to a police officer is intended to and usually will hamper his performance of duty. Nonetheless, the Supreme Court explicitly held in *Fisher*:

"We do not believe that either the municipal or state law-making bodies * * * ever intended to make the utterance of unsworn oral misstatements, in response to inquiries initiated by law enforcement officials, punishable conduct."

If one is privileged to lie about one's name to a police officer, then *a fortiori* one may remain silent about one's name without thereby obstructing official business. Indeed, unlike lying, remaining silent in response to police interrogation may rise to the level of constitutional privilege, *Malloy* v. *Hogan* (1964), 378 U. S. 1, 12 L. Ed. 2d 653. We need not reach the constitutional question, however, since the Ohio Supreme Court's statutory analysis is as applicable to obstructing as to falsification.

The city relies on *State* v. *Beavers*, No. C-76302 (Hamilton County Court of Appeals, 1977, unreported). That reliance is misplaced. *Beavers* is, of course, not controlling in this judicial district; neither is it convincing. It was decided prior to *Fisher, supra*, with whose logic it inexorably collides. The opinion merely concludes, without any argument whatsoever, that a person has no privilege to remain silent in the face of a police request for his identity. For the reasons set forth above, I disagree.

Defendant is hereby found NOT GUILTY of obstructing official business and ordered discharged on that offense.

*Judgment accordingly.*