Defendant-appellant, Greg A. Bell, appeals a conviction entered upon a jury verdict in the Madison County Municipal Court on June 27, 1996. Appellant was found guilty of operating a motor vehicle at a speed greater than sixty-five m.p.h. on a freeway, which is a violation of R.C. 4511.21(D)(2). We affirm.
Appellant was stopped by a highway patrol officer on May 14, 1996 after appellant was "clocked" with a LTI 20-20 laser device. The reading showed that appellant was traveling eighty-seven m.p.h. in a sixty-five m.p.h. zone on Interstate 70 in Madison County near London, Ohio.
The complaint filed with the trial court on May 17, 1996 describes appellant's offense as: "2 previous speed convictions within last 12 mths in violation of 4511.21D2." At appellant's arraignment on May 29, 1996, he was informed by the court that "this is a speeding case, its a third degree misdemeanor" because "you have two previous convictions within the last twelve months." Appellant refused to enter a plea at the May 29 hearing, and another arraignment hearing was set for June 5, 1996. At that hearing, the court again informed appellant: "This being your third speed within a year's time, this becomes a misdemeanor of the third degree offense."
On June 20, 1996, appellant filed a demand for a jury trial, which was granted by the court. On June 27, 1996 (the morning of the trial), appellant filed a motion to dismiss the complaint claiming that: (1) the complaint did not charge a particular degree of offense, (2) the complaint was not properly served upon appellant, and (3) his right to a speedy trial had been violated. The trial court overruled appellant's motion.
The state presented one witness, the highway patrol officer that stopped appellant. The officer testified concerning his use of the laser device and about the circumstances surrounding the stop. The state also presented certified copies of appellant's previous speeding violation convictions, which occurred on July 30, 1995 and September 10, 1995. Appellant did not testify and did not present any evidence in his defense.
Appellant was found guilty by a jury of violating R.C. 4511.21(D)(2). The jury also found that appellant had been convicted of two prior speeding violations within one year of the offense. Appellant appeals this judgment, and presents five assignments of error.[1]
Assignment of Error No. 1:
 THE COURT ERRED BY NOT ACCORDING DEFENDANT WITH A PROPER CHARGE, AND NOTICE THEREOF, SHOWING THE ENHANCED DEGREE OF OFFENSE AND PENALTY, WHICH VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO STATE CONSTITUTION.
Appellant contends that his conviction was illegal and unconstitutional because the speeding charge was improperly enhanced from a minor misdemeanor to a third degree misdemeanor. Appellant claims that the traffic citation that he received was insufficient to charge him with a third degree misdemeanor, and that the state never attempted to serve him with an amended citation.
The Sixth Amendment to the United States Constitution states in part that "[i]n all criminal prosecutions, the accused shall * * * be informed of the nature and cause of the accusation." Because the Sixth Amendment rights "are basic to our adversary system of criminal justice, they are part of the `due process of law' that is guaranteed by the Fourteenth Amendment to defendants in the criminal courts of the States." Faretta v. California (1975), 422 U.S. 806, 818, 95 S.Ct. 2525, 2532.
Crim.R. 3 (patterned after Fed.R.Crim.P. 3) outlines what information needs to be contained in a complaint to sufficiently notify a person of "the nature and cause of the accusation":
 The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance.
R.C. 2945.75(A) also requires that:
 When the presence of one or more additional elements makes an offense one of more serious degree:
 (1) the affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.
Appellant was accused of violating R.C. 4511.21(D) which states:
 No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows: (B) At a speed exceeding sixty-five miles per hour upon a freeway * * *.
The penalties for violations of R.C. 4511.21(D) are outlined in R.C. 4511.99(D)(1). R.C. 4511.99(D)(1)(c) provides that a person who violates R.C. 4511.21 and "within one year of the offense, the offender previously has been convicted of or pleaded guilty to two or more" similar violations, is guilty of a "misdemeanor of the third degree." R.C. 4511.99(D)(1)(c).
In the present case, the complaint filed with the court stated: "2 previous speed convictions within last 12 months in violation of 4511.212." Although the complaint does not state the degree of the offense appellant was alleged to have committed, the instrument does set forth the necessary allegation of additional elements to support a third degree misdemeanor charge as required by R.C. 2945.75(A). See State v. Zimmerman (Jan. 21, 1992), Stark App. No. CA86099, unreported, at 4. Therefore, we find that the complaint filed with the court was sufficient to charge appellant with a third degree misdemeanor.
Appellant also argues that his due process rights were denied because the traffic citation he was issued was different than the complaint filed with the court. Appellant is correct in his assertion that the two instruments are different, but he is incorrect in his argument that he has been denied due process because he did not have notice of the enhanced charges.
Crim.R. 7(D), allows a court to:
 at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.
Amendments of traffic ticket complaints should be liberally permitted so long as the defendant has a reasonable opportunity to prepare his or her defense and the amendments simply clarify or amplify the charge in a manner consistent with the original complaint. Logan v. Quillen (Oct. 27, 1995) Hocking App. No. 94CA26, unreported, at 16.
Even though the two instruments are different, the trial court constructively amended the complaint by informing appellant of the degree of the charges at the hearings held on May 29 and June 5. State v. Goler (Feb. 7, 1996), Summit App. No. 17372, unreported, at 5-10. While Crim.R. 7(D) does not allow a court to amend a complaint if it changes the name or identity of the crime charged, it does not forbid a court from amending a complaint to include a higher degree of a charged offense.
When considering whether appellant was adequately "informed of the nature and cause of the accusation," we are also mindful of the following points: Appellant filed a demand for a jury trial on June 20, 1996 even though there is no right to a jury trial for minor misdemeanors. State v. Rischar (Aug. 21, 1995), Warren App. No. CA94-08-072, unreported, at 14, affirmed (1996),76 Ohio St.3d 597. Also, Section 10, Article I of the Ohio Constitution allows an accused "to demand the nature and cause of the accusation against him, and to have a copy thereof." Appellant never made any demand to know the nature and cause of the accusation against him. If appellant did not understand exactly what he had been charged with, the proper procedure would have been to file a request for a bill of particulars. Barberton v. O'Connor (1985), 17 Ohio St.3d 218, paragraph two of syllabus.
Accordingly, after having reviewed the record, we find that appellant's argument that his due process rights were violated is unpersuasive. The record confirms that appellant had "ample notice of the specific nature of the charge against him." State v. Goler (Feb. 7, 1996), Summit App. No. 17372, unreported, at 9. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE COURT ERRED BY NOT ACCORDING DEFENDANT WITH A SPEEDY TRIAL, WHICH VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO STATE CONSTITUTION.
Appellant argues that he was denied his right to a speedy trial because his offense was improperly enhanced from a minor misdemeanor to a third degree misdemeanor. Appellant claims that the charge should be dismissed because he was tried more than thirty days after he was served with the traffic citation. See Dayton v. Peterson (M.C. 1978), 56 Ohio Misc. 12, 13. R.C.2945.71(A) requires that a person charged with a minor misdemeanor be brought to trial within thirty days after his arrest or the service of summons, while R.C. 2945.71(B)(1) requires the person charged with a third or fourth degree misdemeanor to be brought to trial within forty five days.
We have already resolved the issue of whether appellant's offense was properly enhanced in response to his first assignment of error. Since appellant was properly charged with a third degree misdemeanor, R.C. 2945.71(B)(1) applies. Appellant was served with his summons on May 14, 1996 and his trial was held on June 27, 1996. Therefore, the trial court complied with the speedy trial requirements of R.C. 2945.71. Appellant's second assignment of error is overruled.
Assignment of Error No. 4:
 THE COURT ERRED WHEN IT FAILED TO ADEQUATELY INSTRUCT THE JURY ON JUDICIAL NOTICE, IN VIOLATION OF DEFENDANT'S RIGHTS TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I SECTION.
Appellant argues that the court erroneously took judicial notice as to the accuracy of the laser device used by the officer to determine appellant's speed. Appellant claims that the trial court then failed to give a proper jury instruction on the import of judicial notice of a particular fact pursuant to Evid.R. 201(G).
A trial court is allowed to take judicial notice of the reliability of the LTI 20-20 laser based upon a trial court's prior case pursuant to Evid.R. 201(B)(2). State v. Schroeder (Sept. 8, 1995), Geauga App. No. 95-G-1907, unreported, at 9.
 So long as the unit was operating properly, was used by qualified personnel and was used in accordance with the operating instructions, it was admissible in that court without further expert testimony if the trial court chose to take judicial notice of the prior decision.
Id. at 7.
In the present case, the trial court properly took judicial notice and stated:
 The court took judicial notice of the scientific background and foundation that was presented in a prior case before this court which established the accuracy of the laser device [LTI 20-20] as a device to measure the speed of vehicles which are within the scope of that device when it is properly aimed and operated.
Evid.R. 201(G) also requires a court to instruct the jury that "it may, but is not required to, accept as conclusive any fact judicially noticed." Since the trial court took judicial notice of the accuracy of the LTI 20-20 laser device, it was also required to instruct the jury pursuant to Evid.R. 201(G).
However, Crim.R. 30(A) states that on appeal, "a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict." The record shows that appellant was given an opportunity to submit jury instructions and also an opportunity to object to the jury instructions. Since appellant failed to object to the court's instructions, he is precluded from claiming error on appeal regarding the trial court's failure to instruct concerning judicial notice. Accordingly, appellant's fourth assignment of error is overruled.
Assignment of Error No. 3:
 THE COURT ERRED BY NOT ACCORDING DEFENDANT WITH A FAIR AND UNBIASED MAGISTRATE, WHICH VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENTS [sic] OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO STATE CONSTITUTION.
Appellant argues that a review of the record shows that he was denied his constitutional right to due process because he did not have a neutral and detached magistrate. Appellant complains that the magistrate regularly and frequently introduced commentary before the jury showing his bias and disrespect for appellant. Appellant also claims that the record demonstrates that the magistrate "was obviously irritated by [appellant's] insight." We do not agree.
The presence on the bench of a judge who is not impartial is structural constitutional error. State v. Esparza (1996), 74 Ohio St.3d 660,662, following Arizona v. Fulminante (1991),499 U.S. 279, 310, 111 S.Ct. 1246, 1265. "However, a trial judge is presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity." Okocha v. Fehrenbacher (1995),101 Ohio App.3d 309, 322.
 Generally, in determining whether a trial judge's remarks are prejudicial, the courts will adhere to the following rules: (1) The burden of proof is placed upon the defendant to demonstrate prejudice, (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for, (3) the remarks are to be considered in light of the circumstances under which they are made, (4) consideration is to be given to their possible effect upon the jury, and (5) to their possible impairment of the effectiveness of counsel.
State v. Wade (1978), 53 Ohio St.2d 182, 188, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3138.
In the present case, the record shows that the magistrate showed remarkable patience and restraint while appellant presented his case pro se. For example, appellant continually attempted to cross-examine the officer concerning the reliability of the laser device even though the court had already properly taken judicial notice of the reliability of the device. Even if appellant's unfamiliarity with trial procedure produced "exasperated reactions from the court in the course of the trial," this alone is not enough to find that the verdict resulted from a lack of impartiality on the part of the judge. Xenia v. Boehman (1996), 114 Ohio App.3d 78, 84.
Appellant claims that the magistrate demonstrated his prejudice against appellant with his rulings on various motions. Even though appellant may not agree with the magistrate's rulings, a "judge's rulings of law are legal issues subject to appeal, and are not by themselves evidence of bias or prejudice that will provide grounds for disqualification of the judge." Okocha,101 Ohio App. 3d at 322, following In re Disqualification of Corts (1988), 47 Ohio St.3d 601.
After having considered the factors outlined in State v. Wade (1978), 53 Ohio St.2d 182, and reviewing the complete record and the evidence presented by appellant of the magistrate's alleged bias, we find that appellant was accorded a fair and unbiased magistrate as required by the Due Process Clause of the U.S. Constitution. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 5:
 THE DEFENDANT'S CONVICTION WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF SUFFICIENT EVIDENCE OR BEYOND REASONABLE DOUBT AND THEREBY VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION.
Appellant argues that his conviction was not supported by the manifest weight of sufficient evidence. We address these two arguments separately because the legal concepts of weight of the evidence and sufficiency of the evidence are both quantitatively and qualitatively different. State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus; State v. Purdon (Nov. 10, 1997), Brown App. No. CA97-03-009, unreported, at 2-3.
The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact. In re Good (Feb. 24, 1997), Butler App. Nos. CA96-02-026, CA96-03-036, unreported, at 9, discretionary appeal not allowed (1997), 79 Ohio St.3d 1418. "The trier of the fact has the benefit of seeing and hearing the witnesses testify, and is in the best position to determine the facts of the case." State v. Bailey (June 9, 1997), Preble App. No. CA96-12-020, unreported, at 4.
In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of the conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Thompkins at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
In the present case, the only testimony presented was the testimony of the officer. Appellant cross-examined the officer attempting to impeach his credibility and challenge his methods in obtaining a reading from the laser device regarding appellant's speed. When considering the conflicts in the evidence, and the credibility of the witness presented by the state, we find that appellant's conviction is supported by the manifest weight of the evidence.
The function of an appellate court when reviewing the sufficiency of the evidence underlying a criminal conviction is to examine the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Proctor (Nov. 17, 1997), Butler App. Nos. CA96-12-255, CA96-12-256, unreported, at 3. The relevant question is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Biros (1997), 78 Ohio St.3d 426,446, following Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781, 2789.
The essential elements of appellant's crime are that he: (1) operated a motor vehicle, (2) at a speed exceeding sixty-five miles per hour upon a freeway, and (3) within one year of the offense, appellant had been convicted of or plead guilty to two or more violations as described in R.C. 4511.99(D)(1)(b). R.C.4511.21(D), 4511.99(D)(1)(c). The officer provided testimony that appellant was driving a vehicle on Interstate 70 within Madison County, Ohio, at a speed exceeding sixty-five miles per hour. Certified copies of appellant's prior speeding convictions were entered as evidence without any objection by appellant. We find that when viewing the above evidence in a light most favorable to appellee, that a rational trier of fact could have found the essential elements of appellant's crime proven beyond a reasonable doubt. Appellant's fifth assignment of error is overruled.
Judgment affirmed.
WALSH, J., concurs.
KOEHLER, J., dissents.
[1] Appellant lists five "issues" as his "statement of assignment of errors." We will treat his five issues as assignments of error.