DECISION AND JUDGMENT ENTRY
{¶ 1} William Flickinger ("Appellant") appeals the judgment of the Athens County Municipal Court finding him guilty of obstructing official business in violation of R.C. 2921.31. He argues that the trial court erred in "denying its finding that he was guilty" after holding a bench trial. We interpret the Appellant's argument as a challenge to the sufficiency of the evidence. Because we find that the record contains sufficient evidence to support a finding of guilt beyond a reasonable doubt, we overrule the *Page 2 
Appellant's sole assignment of error and affirm the judgment of the trial court.
 {¶ 2} On August 12, 2006, George Anderson, an officer with the Ohio University Police Department, witnessed a conversation between a cashier working at the Farmacy food store and Carmella Dubbs while helping to move an entertainment center at the New to You Shop on Stimson Avenue in Athens, Ohio. At the time he overheard the conversation, he was off-duty and in plain clothes. After her conversation with the cashier, Ms. Dubbs approached Officer Anderson and informed him that an individual had just attempted to take Amelia Dubbs, her daughter, from the Farmacy, which is located across Stimson Avenue from the New to You Shop.
 {¶ 3} After obtaining this information, Officer Anderson called the Athens Police Department. He spoke to Officer Krishea Osborne, informing her that someone had attempted to kidnap Amelia Dubbs from the Farmacy. Athens Police Officers Osborne and Braglin were dispatched to the scene. In the meantime, an individual identified the Appellant to Officer Anderson as the person who attempted to kidnap Amelia Dubbs from the Farmacy. Officer Anderson then stopped the Appellant and confronted him about the kidnapping accusations. *Page 3 
 {¶ 4} Officers Osborne and Braglin arrived at the Farmacy soon thereafter in response to Officer Anderson's call. When they arrived, Officer Anderson identified the Appellant as the suspect in the attempted kidnapping, and provided Officer Osborne with the Appellant's name. After Officer Anderson identified the Appellant, Officer Osborne grabbed the Appellant's right shoulder and asked him to accompany her to her cruiser, which was approximately ten feet away, in order to move him away from the street and investigate the situation more effectively. She testified that she used very little force on Appellant at that time. In response, the Appellant stated, "I'm not going anywhere with you." At that time, Officer Osborne grabbed the Appellant by his right arm and the collar of his shirt to take him to her cruiser. The Appellant then began "tensing up" and grabbed Officer Osborne's right wrist with his left hand. She instructed the Appellant six to seven times to remove his hand from her wrist, but he refused to do so. At this point, Officers Anderson and Braglin assisted Officer Osborne in detaining the Appellant. Officer Osborne arrested him for obstructing official business in violation of R.C. 2921.31(A).
 {¶ 5} Subsequently, the Appellant was charged with criminal child enticement pursuant to R.C. 2905.05. The trial on the criminal child enticement charge was held separately from the obstructing official business *Page 4 
charge, and the Appellant was acquitted of the criminal child enticement charge by a jury. On September 28, 2006, a bench trial was held on the obstructing official business charge, wherein the Appellant was convicted and sentenced to fourteen days in the Southeast Ohio Regional Jail. The Appellant filed a motion for reconsideration of the matter, which was denied on October 12, 2006. He now appeals the trial court's decision, asserting the following assignment of error:
 {¶ 6} 1. THE TRIAL COURT ERRED IN DENYING ITS FINDING THAT THE DEFENDANT WAS GUILTY AFTER A BENCH TRIAL.
 {¶ 7} In his sole assignment of error, the Appellant argues that the trial court erred in finding the Appellant guilty. We interpret his argument as a challenge to the sufficiency of the evidence. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.State v. Dunn, Pickaway App. No. 06CA6, 2006-Ohio-6550, at ¶ 43, citingState v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential *Page 5 
elements of the crime proven beyond a reasonable doubt. Jenks, supra, citing Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781.
 {¶ 8} The Appellant was convicted of obstructing official business in violation of R.C. 2921.31(A), which states:
 "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 9} Under R.C. 2921.31, if a defendant specifically intends a particular obstructing effect and accomplishes his or her purpose, the statute is violated. Dunn, supra, at ¶ 45, citing City of Dayton v.Peterson, 56 Ohio Misc. 12, 15, 381 N.E.2d 1154. The purpose with which a person commits an act is determined from the manner in which it is done, the means used, and all the other facts and circumstances in evidence. State v. Huffman (1936), 131 Ohio St. 27, 1 N.E.2d 313, paragraph four of the syllabus. A violation of R.C. 2921.31 does not require the accused to be successful in preventing officers from doing their job; the statute is clearly phrased in the alternative. State v.Daily (Jan. 15, 1998), Athens App. No. 97CA25, 1998 WL 18139.
 {¶ 10} The situation giving rise to the obstructing official business arrest in the case sub judice involved an investigatory detention, most *Page 6 
famously addressed in Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. An investigative detention, or "Terry stop," constitutes a seizure that implicates the Fourth Amendment. State v. Koueviakoe, Gallia App. No. 04CA11, 2005-Ohio-852, at ¶ 17. For purposes of the Fourth Amendment, a "seizure" occurs only when, in view of all the circumstances surrounding the incident, the police officer restrains the person's liberty, either by physical force or by show of authority, such that a reasonable person would not feel free to decline the officer's request and walk away.State v. Williams (1990), 51 Ohio St.3d 58, 61, 554 N.E.2d 108.
 {¶ 11} When a seizure occurs, the officer must have a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. Terry v. Ohio (1968), 392 U.S. 1,21, 88 S.Ct. 1868, 20 L.Ed.2d 889; see, also, State v. Chatton (1984),11 Ohio St.3d 59, 61, 463 N.E.2d 1237. "The investigative detention is limited in duration and purpose and can only last as long as it takes a police officer to confirm or dispel his suspicions."Koueviakoe, supra, at ¶ 18. "The lawfulness of the initial stop will not support a `fishing expedition' for evidence of crime." Id. at ¶ 18, citing State v. Gonyou (1995), 108 Ohio App.3d 369, 372,670 N.E.2d 1040. *Page 7 
 {¶ 12} We determine reasonable suspicion by considering the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177,524 N.E.2d 489, paragraphs one and two of the syllabus. In doing so, we evaluate those circumstances "through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." State v. Andrews (1991), 57 Ohio St.3d 86, 87-88,565 N.E.2d 1271.
 {¶ 13} Officer Osborne had obtained information from Officer Anderson that the Appellant had attempted to kidnap Amelia Dubbs. This information was relayed to Officer Anderson by Amelia Dubbs' mother. Additionally, an eyewitness had identified the Appellant as the offending individual to Officer Anderson. The totality of the circumstances, as viewed through the eyes of a reasonable, prudent officer on the scene, shows that Officer Osborne had a reasonable suspicion that criminal behavior had occurred. Thus, she was justified in conducting the investigatory detention. By grabbing Officer Osborne's wrist and refusing to let go once the investigatory detention was underway, the Appellant intentionally obstructed and delayed her investigation. This is a plain violation of R.C. 2921.31.
 {¶ 14} The Appellant argues that our opinion in State v.Gillenwater (Apr. 2, 1998), Highland App. No. 97CA935, 1998 WL 150354
(holding that fleeing from police to avoid a Terry stop does not constitute an *Page 8 
affirmative act required for obstruction of official business charge) requires reversal of the trial court's judgment. We disagree. The facts in Gillenwater are distinguishable from the facts in the case sub judice. Gillenwater dealt specifically with a flight situation, which is not the type of action the Appellant herein took. In the case sub judice, the Appellant actively placed his hand on Officer Osborne's wrist in order to impede the process of the investigatory detention. This was an affirmative act which easily fell within the purview of the behavior proscribed by R.C. 2921.31. In light of the cases' differing factual backgrounds, we find Gillenwater inapplicable specifically herein.
 {¶ 15} Here, the totality of the circumstances showed that reasonable suspicion existed for Officer Osborne to conduct an investigatory detention of the Appellant. When the Appellant took affirmative action to obstruct this investigation, his conduct was sufficient evidence to support a finding of guilt beyond a reasonable doubt. Accordingly, we overrule the Appellant's assigned error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Kline, J.: Concur in Judgment and Opinion. *Page 1