In re J.M.

(No. 79-11906—Decided February 4, 1980.)

Court of Common Pleas of Licking County, Probate-Juvenile Division.

*Mr. David Lighttiser,* prosecuting attorney, and *Mr. Robert H. Hoover,* for plaintiff.

*Mr. Kenneth B. Schumaker,* for defendant.

MOORE, J.   This is a case of first impression involving the judicial interpretation of R. C. 2921.32(A)(5). Although similar statutes have recently been litigated, this particular statute has thus far not been challenged.

The events leading to the delinquent charge are as follows: J. M., a juvenile, was playing pool with his friend Greg Delawder, an adult, in a neighborhood cafe when two Newark Police Officers entered the establishment on a tip that Greg Delawder was there. A felony warrant charging armed robbery had been issued for Greg Delawder. The officers approached J. M. and Greg Delawder and asked Greg Delawder his name. Greg Delawder falsely responded that his name was David Delawder. The officers then asked J. M. if that was his friend's name. J. M. confirmed the false answer and stated that his friend was, in fact, David, and that his brother Greg Delawder was no longer in the city of Newark but had fled the state of Ohio.

Since the officers were uncertain of the identity of the person who said his name was David, they asked the two individuals to accompany them to the police station to verify the identification. Neither individual was under arrest at that time and both had voluntarily agreed to accompany the officers. As they exited the establishment, a scuffle ensued between Greg Delawder and one of the officers and he escaped. J. M. was arrested at that time and charged with obstructing justice under

R. C. 2921.32(A)(5) as it applied to juveniles through R. C. 2151.02(A). The obstructing justice statute provides in part:

"(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime, or to assist another to benefit from the commission of a crime, shall do any of the following:

"* * *

"(5) Communicate false information to any person."

The court heard testimony from the two police officers and from J. M. Both officers testified at the hearing that had J. M. not lied to them regarding the identity of Greg Delawder, they would have immediately apprehended Greg Delawder in the cafe and would have taken more precautions to have prevented his escape. The court concludes that although J. M. had knowingly responded falsely to the officers' questions, the misstatement does not fall within the purview of the statute in question. The court realizes that in order to be consistent with recent case law and with fundamental notions of justice, one cannot be convicted for giving unsworn, oral, misstatements to police officers, especially at a time when one is under no legal obligation to respond.

The authority for this conclusion rests on a recent Ohio Supreme Court case, *Dayton* v. *Rogers* (1979), 60 Ohio St. 2d 162. The *Rogers* case involved the interpretation of a city ordinance whose proscriptions were identical to those of R. C. 2921.31(A) (obstructing official business) which provides:

"(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties." The Supreme Court found it necessary to judicially limit the construction of that statute. The problems inherent in a broad literal reading of R. C. 2921.31 are identical to those borne of R. C. 2921.32(A)(5). It is therefore necessary for this court to adopt the Ohio Supreme Court's narrow construction of the former statute as a guide in interpreting the statute in question.

The history of the Criminal Code as it relates to oral misstatements was set forth in *Rogers, supra.* Only false oral statements made under oath or in connection with certain doc-

uments were formerly punishable in Ohio. R. C. 2921.13 (A) was enacted to prohibit falsifications and provides:

"(A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following apply:

"* * *

"(3) The statement is made with purpose to mislead a public official in performing his official function." The Supreme Court reasoned that the General Assembly's failure to recite a change in prior law was tantamount to leaving it intact.

This reasoning was developed in the case of *Columbus* v. *Fisher* (1978), 53 Ohio St. 2d 25, where the Supreme Court carefully scrutinized the provisions of R. C. 2921.13(A). That statute is practically identical to the one at hand; both prohibit making false statements with the purpose of hindering a law enforcement official.

The *per curiam* decision in *Fisher, supra,* at page 29, not only argued legislative history, but also warned of the dangers accompanying a broad construction of the statute:

"* * * subsection 3 of the disputed municipal ordinance and, necessarily, R. C. 2921.13(A)(3), must be given a limitative judicial construction. It is otherwise conceivable that this legislation, with its considerable maximum penalties, could provide a strong impetus for the employment of coercive inquisition as a method of criminal investigation.

"We do not believe that either the municipal or state law-making bodies, presumably having read the American Law Institute's caveat in regard to the federal code section, ever intended to make the utterance of unsworn oral misstatements, in response to inquiries initiated by law enforcement officials, punishable conduct."

The Franklin County Court of Appeals expressed these same fears when faced with interpreting R. C. 2921.32(A) in *State* v. *Claybrook* (1978), 57 Ohio App. 2d 131. That case focused on R. C. 2921.32(A)(1), but the court's admonitions shed light on the imperative but absent parameters of the statute as a whole. In reference to *Fisher, supra,* Judge Whiteside warned, at page 136:

"The same caveat must be applied to R. C. 2921.32(A); it

must likewise be given a limitative judicial construction so that the mere utterance of unsworn oral misstatements in response to inquiries initiated by law enforcement officers is not punishable conduct.***"

It remains doubtful whether a citizen can be said to have hampered a public official in the exercise of his duties by falsely responding to a question which he was not obligated to answer. The Supreme Court of Ohio emphasized this point in *Dayton* v. *Rogers, supra,* at page 165:

"Appellant was under no legal duty to respond to the question posed by the police officer, and appellant's deliberate falsification was no more obstructive than her silence would have been." Since J. M. could have remained silent when questioned by the police officers, his oral misstatement cannot be said to have increased the officers' burden. However, while this issue was not raised in this case, what duty, if any, would a citizen have to respond truthfully, if the questions were asked differently under R. C. 2921.23 where a duty is placed on a citizen to assist a police officer, if requested? Had the officers said to J. M.: "We have a warrant for the arrest of Greg Delawder on a charge of armed robbery. We think this man is Greg Delawder and we're asking for your assistance in apprehending him by telling us who he is. Is this Greg Delawder?" Would a false answer under that circumstance give rise to a punishable violation of law? It is hoped that the Ohio Legislature will realize the confusion caused by the obstructing justice statute as pointed out in this and cited cases.

Considering the foregoing arguments, R. C. 2921.32(A)(5) must be narrowly interpreted so not to include as punishable conduct unsworn oral misstatements made to investigating law enforcement officials. To find otherwise would be to disregard precedent. Therefore, the complaint filed herein alleging that J. M. is a delinquent child is hereby dismissed, and the juvenile is released from all obligations to the court.

*Complaint dismissed.*