**State**
**v.**
**Bolyard**
*[Cite as 4 AOA 354]*

*Case No. 89CA004656*
*Lorain County, (9th)*
*Decided June 15, 1990*

*Gregory White, Prosecuting Attorney, 226 Middle Ave., Elyria, OH 44035, for Plaintiff.*

*John R. Musson, Attorney at Law, 7064 Avon Belden Rd., N. Ridgeville, OH 44035, for Defendant.*

QUILLIN, P. J.

Based upon a bill of particulars, the trial court dismissed an indictment charging appellee with obstructing justice, R.C. 2921.32 (A) (5). The state appeals. We reverse.

The bill of particulars is as follows:

"On February 28, 1989, Officers of the Lorain Police Department were investigating a possible child abuse complaint involving La Faye Moore, age 1. Janice Bolyard is the mother of La Faye Moore. At the hospital on the date of February 28, 1989, she gave a statement to officers of the Lorain Police Department concerning injuries suffered by her son.

"The content of her statement was that on February 26, 1989 her boyfriend, Robert Davis, was boiling some water. The child got under his feet and the water was spilled on the child causing the burns to the feet of the child. The Defendant stated that she was at home when this occurred. Further, she stated that the bruise on the child's head was caused when they were taking the child out of the house to the hospital and they bumped his head on the doorway. She stated that the bruises on the child's buttocks were caused by her spanking the child with a plastic spatula several days prior to this date.

"The defendant later changed her story and stated that she was not home when the incident occurred. It was later verified that in fact she was at work when the incident occurred. Also, her statement concerning the bruises to the head of the child is in conflict with the story given by the boyfriend, Robert Davis. The statement concerning the bruises to the buttocks is in conflict with the medical evidence, as are the other statements given by her."

R. C. 2921.32 (A) (5) provides:

"(A) No person, with purpose to hinder, the discovery, apprehension, prosecution, conviction, or punishment of another for crime, or to assist another to benefit from the commission of a crime, shall do any of the following:

"* * *.

"(5) Communicate false information to any person."

It seems apparent to us that if the evidence at trial is as set forth in the bill of particulars, a jury could reasonably find that appellee, Janice Bolyard, communicated false information to Lorain police officers with purpose to hinder the discovery, apprehension, conviction, or punishment of Robert Davis for a crime. Appellee argues that the statute should be judicially modified because the General Assembly, notwithstanding what it said, could not have intended to make oral unsworn false statements punishable.

In support of her position, appellee directs us to *Columbus* v. *Fisher* (1978), 53 Ohio St. 2d 25, and *Dayton* v. *Rogers* (1979), 60 Ohio St. 2d 162.

In *Fisher,* the defendant was convicted of violating an ordinance equivalent of R.C. 2921.12(A)(3), which provided at that time:

"(A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following apply:

"* * *.

"(3) The statement is made with purpose to mislead a public official in performing his official function."

The Supreme Court held in *Fisher* that R.C. 2921.13(A)(3) should be given a limited construction so that unsworn oral "misstatements" in response to inquiries initiated by law enforcement officials would not be punishable conduct.

(Since *Fisher* was decided in 1978, the United States Supreme Court, in *United States* v. *Rogers* (1984), 466 U.S. 475, has held that Section 1001, Title 18, U.S. Code, which makes it a crime to knowingly and willfully make a false statement "in any matter within the jurisdiction of any department or agency of the United States", encompasses criminal investigations conducted by the FBI.)

In *Dayton* v. *Rogers* (1979), 60 Ohio St. 2d 162, the defendant was convicted of violating an ordinance equivalent of R.C. 2921.31(A), which provides:

"(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any *act* which hampers or impedes a public official on the performance of his lawful duties.

"* * *."

The Supreme Court noted, among other factors, that an unsworn false oral statement to a police officer is not an "act" so as to be violative of R.C. 2921.31(A).

The Ohio Supreme Court has not yet ruled whether false information orally communicated to an investigating police officer with purpose to hinder the discovery, apprehension, prosecution, conviction or punishment of another for crime

356

violates R.C. 2921.32(A)(5). We believe that it does.

We note that we are not here faced with the "exculpatory no" exception that some federal courts have engrafted on Section 1001, Title 18, U.S. Code. See *United States* v. *Meyers* (1989), 878 F. 2d 1142.

The oral misdirection of police officers in pursuit of suspected felons has been held to be a verbal act constituting obstructing official business and thus a violation of R.C. 2921.31. *State* v. *Gordon* (1983), 9 Ohio App. 3d 184. See, also, *Marsh* v. *Oklahoma* (1989), 761 p. 2d 915.

While we believe that a false oral communication is sufficient, if an act is required, we believe that the false oral statements of Bolyard to the officer investigating a possible child abuse case constitutes such a verbal act. But, see, *In re Juniper* (June 15, 1982), Franklin App. No. 82AP-13, unreported.

*Judgment reversed.*

BAIRD, J., and CACIOPPO, J., concur.