OPINION
Defendant-appellant Michael Marshall appeals the conviction and sentence of the Lancaster Municipal Court on one count of falsification, in violation of R.C. 2921.13. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 27, 1995, Wendy Emmert filed an Incident/Arrest Report with the Lancaster Police Department. Emmert complained appellant had raped her three days earlier on September 24, 1995.
On November 7, 1995, appellant gave a taped statement to Detective Gary Pierce of the Lancaster Police Department. Appellant denied any sexual contact with Emmert. After the detective informed appellant that evidence of semen had been recovered and a DNA test would be conducted, appellant continued to deny having had any sexual contact with Emmert. The DNA test results confirmed the semen recovered from Emmert's clothing was that of appellant. Thereafter, on January 19, 1996, appellant was arrested and charged with rape.
At trial, appellant testified on his own behalf. During his testimony, appellant, while under oath, admitted that he lied to Detective Pierce on November 7, 1995. He further admitted having sexual intercourse with Emmert, but contended such act was consensual. On February 20, 1997, after two days of trial, the jury returned a verdict of not guilty.
Subsequently, in March, 1997, appellant was charged with falsification, in violation of R.C. 2921.13. At his arraignment on March 18, 1997, appellant entered a plea of not guilty. Thereafter, on April 23, 1997, appellant's counsel filed a motion to dismiss asserting the charge should be dismissed based upon the federal "exculpatory no" exception. Via Judgment Entry dated May 30, 1997, the trial court overruled appellant's motion.
The matter proceeded to jury trial on August 12, 1997. The jury found appellant guilty of falsification. The trial court sentenced appellant to 180 days in Fairfield County Jail. The trial court suspended 150 days of the sentence and placed appellant on two (2) years probation. Further, the trial court fined appellant $500.00 plus court costs and ordered appellant to pay restitution for the DNA test. The sentence was stayed pending the outcome of this appeal.
It is from this conviction and sentence appellant prosecutes this appeal raising as his sole assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO DISMISS THE CASE BASED UPON THE EXCULPATORY NO EXCEPTION.
 I
Herein, appellant contends the trial court erred in failing to dismiss the falsification charge. Specifically, appellant submits the trial court should have applied the "exculpatory no" exception as provided under federal law and as approved by the Ohio Supreme Court in State v. Bailey (1994), 71 Ohio St.3d 443.
Initially, we must determine whether Ohio courts have recognized the exception.
In State v. Bailey, supra, the Ohio Supreme Court addressed the issue of whether the making of unsworn false oral statements to a law enforcement officer with the purpose to hinder the officer's investigation of a crime constitutes conduct punishable within the meaning of R.C. 2921.32(A)(5), Ohio's obstructing justice statute. In concluding that such statements are punishable under the statute, the Ohio Supreme Court limited its holdings in Columbus v. Fisher (1978), 53 Ohio St.2d 25, andDayton v. Rogers (1978), 60 Ohio St.2d 162.[1]
In its analysis, the Ohio Supreme Court discussed the "exculpatory no" exception. Prior to announcing its holding, theBailey court stated:
 In addition, federal case law has created the protection of an "exculpatory no" exception. See United States v. Rodriguez-Rios (C.A.5, 1994), 14 F.3d 1040, 1043, fn. 4, 5, and 6. But, see, United States v. Steele (C.A.6, 1991), 933 F.2d 1313, 1320, certiorari denied (1991), 502 U.S. 909, 112 S.Ct. 303, 116 L.Ed.2d 246. Under this exception, general negative and exculpatory responses made by a subject of a criminal investigation in reply to questions directed to him by investigators is not a crime under federal law.
 With the benefit of the [United States] Supreme Court's analysis of the federal statute from which the statutes in Fisher and Rogers were derived, and mindful of the available protections, we review the conviction of the defendant herein for violation of R.C. 2921.32(A)(5) . . .
 State v. Bailey, supra at pp. 447-448 (Emphasis added).
In a footnote, the Ohio Supreme Court found the "exculpatory no" doctrine did not extend to the facts in the case before it and; therefore, the court declined to rule on the applicability or viability of the exception to the statute at issue. Id. at Footnote 3. However, based upon the aforementioned language, it appears to us the Ohio Supreme Court would recognize the "exculpatory no" exception.
Having determined the "exculpatory no" exception is available in Ohio, we must next decide whether the protection is available in the case sub judice.
In United States v. Medina De Perez (9th Cir., 1986),799 F.2d 540, the United States Court of Appeals for the Ninth Circuit set forth a five part test to determine when the "exculpatory no" exception should apply. Those factors are:
 (1) The false statement must be unrelated to a claim to a privilege or a claim against the government;
 (2) The declarant must be responding to inquiries initiated by a federal agency or department;
 (3) The false statement must not "impair the basic functions entrusted by law" to the agency;
 (4) Whether the government agency's inquiries constituted a "routine exercise of administrative responsibility"; and
 (5) Whether the truthful answer would have incriminated the declarant.
 Id. at 544.
Applying the "exculpatory no" test to the present case, we conclude that appellant satisfies its criteria. First, appellant's false statements about not having sexual contact with Wendy Emmert were unrelated to a claim to a privilege or a claim against the State of Ohio. Second, appellant was responding to inquiries initiated by Detective Pierce, a police officer. Next, although the statements may have caused the State to incur additional expenses, i.e., the cost of the DNA test, the statements did not impair the basic functions of the Lancaster Police Department in its investigation. Detective Pierce's inquiry was investigative in nature and did not constitute a "routine exercise of administrative responsibility". Finally, we think it obvious that truthful answers would have been potentially incriminating to appellant at trial.
Accordingly, appellant could avail himself of the "exculpatory no" exception. Therefore, we find the trial court erred in failing to dismiss the charge of falsification.
The judgment of the Lancaster Municipal Court is reversed.
By: Hoffman, J., Farmer, P.J. and Gwin, P. concur.
 JUDGMENT ENTRY
CASE NO. 97CA52
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Lancaster Municipal Court is reversed and the complaint against appellant ordered dismissed. Costs assessed to appellee.
[1] Fisher, supra, involved a conviction of a violation of a municipal ordinance identical to Ohio's falsification statute.Rogers, supra, involved a conviction for the violation of R.C.2921.31, Ohio's obstructing official business statute.