OPINION
This is an appeal from the Ashland County Municipal Court.
 STATEMENT OF THE FACTS AND CASE
The facts in this case are that Officer Glass of the Ashland County police department pulled into a Wendy's drive-in restaurant on Claremont Ave. at 12:45 a.m. on January 8, 2001.
At this time he observed appellant standing in the rear parking lot of the restaurant looking north in the direction of residences which face Broad Ave. and a GTE Building which contained company vehicles. Subsequent information indicated appellant lived on Broad Ave.
Officer Glass deemed the conduct of appellant standing at such location, which was a parking area used by employees of Wendy's, and staring to be suspicious.
He then approached appellant and inquired as to his purpose.
Appellant stated that he was looking at a church steeple.
The Officer asked appellant for his identity and address.
Appellant refused to provide such information and began to leave.
Appellant was then arrested for obstructing official business in violation of R.C. § 2921.31(A).
After presentation of evidence at a motion hearing and subsequently after trial to a jury, appellant moved for dismissal.
The trial court denied such motions and appellant was found guilty.
 ASSIGNMENTS OF ERROR
The sole Assignment of Error is:
 I. THE TRIAL COURT ERRED, WHEN IT FAILED TO SUSTAIN DEFENDANT-APPELLANT'S MOTION FOR DISMISSAL, AT BOTH THE MOTION HEARING AND AT TRIAL, WHEN THE EVIDENCE PRESENTED INDICATED THAT THE DEFENDANT-APPELLANT'S ACTIONS AND INACTIONS WERE NOT SUFFICIENT TO CONSTITUTE THE ELEMENTS OF THE CRIME OF OBSTRUCTING OFFICIAL BUSINESS, OHIO REVISED CODE § 2921.31(A).
Appellant argues that there was not sufficient evidence presented at trial to constitute the crime of obstructing official business. We disagree.
Revised Code § 2921.31(a) sets forth the elements of the crime of obstructing official business:
2921.31 OBSTRUCTING OFFICIAL BUSINESS.
 (A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.
Motions for acquittal are governed by Crim. R. 29 which states in pertinent part:
 (A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
In State v. Bridgeman (1978), 55 Ohio St.2d 261, the Supreme Court held:
 Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
This case is somewhat similar to State v. Hill, (Feb. 6, 1992) Ashland App. No. CA-993, unreported, which also arose in the Ashland Municipal Court, wherein this Court considered the refusal to provide a social security number to a State Highway Patrolman who had stopped that appellant for speeding.
This Court in affirming, distinguished City of Columbus v. Fisher
(1978), 53 Ohio St.2d 25, which has been cited by appellant herein as authority for its Assignment of Error.
City of Columbus v. Fisher was specifically overruled by the Ohio Supreme Court in State v. Lazzaro (1996), 76 Ohio St.3d 261.
While the facts of Lazzaro are significantly different from those in the case sub judice in that in Lazzaro false information was provided to an officer during an investigation, the Court cited Columbus v. New
(1982), 1 Ohio St.3d 221 as to the proposition that "complete and honest cooperation with the law enforcement process by all citizens is essential to the effective operation of the justice system".
Here, the articulated facts in testimony by the officer indicated a concern as to suspicious conduct.
He was well within his official duties to make inquiry. The minimal, non-intrusive inquiry as to identification was in furtherance of his duties to investigate.
In Terry v. Ohio (1968), 392 U.S. 1 and its progeny, courts have accepted the general theory that a casual encounter between the police and the public does not violate the Fourth Amendment. Consequently, an officer can ask for identification.
We therefore disagree with the Assignment of Error and affirm the decision of the trial court.
By: Boggins, J. and Farmer, J. concur. Hoffman, P.J. dissents.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio, is affirmed. Costs to Appellant.