JOURNAL ENTRY AND OPINION
{¶ 1} This appeal arises from consolidated case numbers CR-434460 (obstructing justice, R.C. 2921.32)[1] and CR-435254 (possession of drugs, R.C. 2929.11) in the common pleas court, criminal division. Appellant, Brian Bezak, pleaded no contest to the possession charge but, after a jury trial, was convicted of obstructing justice in count three of the original indictment. Appellant was then sentenced to nine months on each of the convictions, to be served concurrent to each other. Appellant raises one assignment of error, pertinent only to the obstruction conviction.
 {¶ 2} The prosecution presented four witnesses: Joseph Schwarm, parole officer; Timothy Clark, Cleveland Police Department detective; Andrew Deserto, Deputy U.S. Marshall; and Andrew Ezzo, Cleveland Police Department detective. The defense presented the testimony of Michael Viccaro and appellant's girlfriend, Emily Kerrigan.
 {¶ 3} The relevant facts of the case are as follows. Witnesses for the prosecution testified that appellant allowed Michael Viccaro, a parolee who failed to report to his parole officer, to reside with him, his girlfriend and his father in a third-floor apartment on West 105th Street. When the police arrived to search the premises pursuant to a warrant, Viccaro was arrested as he approached the building. Viccaro had several packets of heroin in his possession when he was arrested. Inside the apartment, police located a telephone bill in the name of Michael Viccaro and a photo of a headstone on the wall of what is purported to be Viccaro's bedroom. When questioned by police, appellant stated that he did not know a "Michael Viccaro" and failed to identify Viccaro when presented with his photograph.[2]
 {¶ 4} At trial, Viccaro testified that he previously lived in the apartment, but that he could no longer afford the rent payment. The residence was then rented by the appellant and his family; they had agreed to allow Viccaro to leave his possessions in a back bedroom until he got settled somewhere else. He also testified that he is known by his middle name, "Dino," and that the appellant and his girlfriend know him only by this name and were unaware that there was a warrant out for his arrest. Appellant's girlfriend testified that Viccaro did not reside with them at West 105th Street and that she was unaware that he was a parole violator.
 {¶ 5} Appellant presents one assignment of error for our review and challenges the sufficiency of the evidence presented.
 {¶ 6} In State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, the Ohio Supreme Court reexamined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 7} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph 2 of the syllabus.
 {¶ 8} More recently, in State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 9} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31,45, 102 S.Ct. 2211, 2220, 72 L.Ed. 2d 652, 663, citing Jacksonv. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed. 2d 560." Id. at 386-387.
 {¶ 10} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984), 10 Ohio St.3d 167,462 N.E.2d 407.
 {¶ 11} Appellant was convicted of obstructing justice pursuant to R.C. 2921.32(A)(5), which states in pertinent part:
 {¶ 12} "(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime, or to assist another to benefit from the commission of a crime, shall do any of the following:
 {¶ 13} "* * *
 {¶ 14} "(5) Communicate false information to any person."
 {¶ 15} The oral misdirection of police officers in pursuit of suspected felons has been held to be a verbal act constituting obstructing official business and a violation of R.C.2921.32(A)(5). State v. Bailey, (1994), 71 Ohio St.3d 443,644 N.E.2d 314; State v. Lazzaro (1996), 76 Ohio St. 3d 261, 264;State v. Bolyard (1990), 68 Ohio App.3d 1, 3; State v. Gordon
(1983), 9 Ohio App.3d 184, 458 N.E.2d 1277.
 {¶ 16} As discussed above, witnesses for the prosecution attest that appellant denied knowing Michael Viccaro and failed to identify him from a photograph shown to him by police on the morning in question. Appellant's witnesses testified that Viccaro was merely a departing tenant of the apartment they had rented and that they had no acquaintance with him past allowing him to store his belongings until he got settled in a new place. Police, however, found possessions, a phone bill, and Viccaro himself returning to the apartment with drugs on the morning he was apprehended. Finally, the testimony of the appellant's girlfriend and Viccaro conflicted on several key points, including how often Viccaro had stayed in the apartment with her and appellant. Indeed, Viccaro himself testified that he had known the appellant for years, that he had a key to appellant's apartment, and that he gave the police the address of appellant's home as his own home address upon being arrested.
 {¶ 17} Viewing the evidence presented in the light most favorable to the prosecution, it appears that a reasonable trier of fact could find beyond a reasonable doubt that the appellant lied to the police in order to protect Viccaro from apprehension. It seems likely that the appellant was aware of Viccaro's status as a parolee and that he was trying to mislead police in their search, and there exists competent, credible evidence to support this assertion. Therefore, appellant's sole assignment of error lacks merit and his conviction must be affirmed.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., concurs.
 Kilbane, P.J., Dissents with Separate Dissenting Opinion.
[1] Appellant was charged with violation of R.C. 2921.32(A)(5): "(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime, or to assist another to benefit from the commission of a crime, shall do any of the following: * * * (5) communicate false information to anyone."
[2] The police officers also encountered Jack Bezak, a co-defendant in the lower court matter. His appeal, Case No. 84008 remains pending.
DISSENTING OPINION