**The STATE of Ohio, Appellee,**

v.

**ANDRIOLA, Appellant.**

[Cite as *State v. Andriola* (1990), 70 Ohio App.3d 69.]

Court of Appeals of Ohio,
Hamilton County.

No. C-890705.

Decided Oct. 24, 1990.

**70**

*Richard A. Castellini,* City Solicitor, *Terrence R. Cosgrove,* City Prosecutor, and *Michael E. Finucane,* for appellee.

*Frank E. Osborne,* for appellant.

*Per Curiam.*

Defendant, Mark A. Andriola, appeals from his conviction in a bench trial for contributing to the unruliness of a child in violation of R.C. 2919.24. His single assignment of error, challenging the sufficiency of the evidence, is not well taken.

The fourteen-year-old child testified that, after taking medication, she fell asleep on the couch in her home while watching television. Aware of something pressing on her back, she awoke to find that she was naked below the waist, her shorts, nylons, and underwear having been removed. The defendant, who was then twenty-four years of age, began to rub her leg and told her to go back to sleep. However, the child left the room and told her brother what had occurred.

Defendant contends that the state did not prove beyond a reasonable doubt that the child was an "unruly child" at any time before or after the alleged offense. R.C. 2919.24 states:

"(A) No person shall do either of the following:

"(1) Aid, abet, induce, cause, encourage, or contribute to a child or a ward of the juvenile court becoming an unruly child, as defined in section 2151.022

of the Revised Code, or a delinquent child, as defined in section 2151.02 of the Revised Code;

"(2) Act in a way tending to cause a child or a ward of the juvenile court to become an unruly child, as defined in section 2151.022 of the Revised Code, or a delinquent child, as defined in section 2151.02 of the Revised Code."

Formerly, this crime resided in the juvenile court code, R.C. 2151.41, which provided in pertinent part:

"No person shall abuse a child or aid, abet, induce, cause, encourage or contribute to the dependency, neglect, unruliness, or delinquency of a child or ward of the juvenile court, *or act in a way tending to cause delinquency or unruliness in such child.* \* \* \* " (Emphasis added.)

Effective March 6, 1986, the legislature transferred the crime of contributing to the delinquency or unruliness of a child from the juvenile code to the criminal code by repealing R.C. 2151.41 and enacting R.C. 2919.24. See *State v. Lukens* (1990), 66 Ohio App.3d 794, 813, 586 N.E.2d 1099, 1112 (Whiteside, J., concurring).

Under Ohio case law, a distinction existed in the former statute between the elements necessary to prove "contributing" and "tending to cause" the delinquency or unruliness of a minor child. When the charge was "contributing" the state was required to prove delinquency of the minor child. *State v. Miclau* (1957), 167 Ohio St. 38, 4 O.O.2d 6, 146 N.E.2d 293. However, when the state charged a defendant with "tending to cause," it was unnecessary to establish the minor child's actual delinquency or unruliness, and the only proof required was that the defendant's acts were of such a nature as to tend to cause the child's delinquency or unruliness. *State v. Gans* (1958), 168 Ohio St. 174, 5 O.O.2d 472, 151 N.E.2d 709. The purpose of the distinction between "tending to cause" and "contributing," according to *Gans,* was to prevent delinquency before it occurred.

Despite the mandate of R.C. 2901.04(A) that offenses under R.C. Title 29 be strictly construed against the state and liberally construed in favor of the defendant, we find that the enactment of R.C. 2919.24(A)(2) has not significantly affected the distinction made under former R.C. 2151.41. Therefore, we hold that the child's status as an unruly child is not an element of the offense of "tending to cause" unruliness under R.C. 2919.24(A)(2). Accordingly, defendant's conviction was supported by substantial evidence. See *State v. Collins* (Mar. 28, 1988), Stark App. No. CA–7312, unreported, 1988 WL 37997.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., HILDEBRANDT and GORMAN, JJ., concur.