OPINION
Defendant-appellant, Herbert Lawrence Boren, appeals his conviction in the Middletown Municipal Court for contributing to the delinquency of a minor and possession of drug paraphernalia.
On December 15, 1998, a weekday, appellant was at his home at 306 Grimes Street, Middletown, Butler County, Ohio when Monica Fraley, then eleven years old, and Lisa Sumpter, then thirteen years old, visited him along with Calvin Kirk, an adult. The trio arrived at appellant's home at about 9:30 a.m. and stayed for a few minutes. They soon left, but returned periodically over the course of the day, often to use appellant's telephone. At about 11:00 a.m., the trio returned to appellant's home where they watched television for a few minutes and drank pop. After about forty-five minutes, the trio decided to leave to get something to eat. They asked appellant if he wanted to join them, but appellant refused, instead giving them some money to buy themselves food.
After returning and leaving at least two more times that afternoon, the trio arrived a final time about 5:00 p.m. They stayed for about fifteen minutes, and then left to return home. On their way home, Fraley, Sumpter, and Kirk were stopped in Fraley's car. Patricia Sumpter, Lisa's mother, had earlier called the police looking for her daughter. Another person had called with a complaint that there were sexual activities and drug and alcohol use taking place at appellant's home.
Officer Brian Taylor of the Middletown Police Department visited appellant to interview him about the day's events. Appellant stated to Officer Taylor that he could approximate both girls ages and that he was aware they should have been in school. Appellant denied any type of sexual activity or drug or alcohol use with the girls, stating that he knew them because he and Lisa were friends from when she played with his grandchildren. He stated that he told the girls not come back during school hours. Appellant later made a written statement containing these same facts.
Officer Taylor asked appellant to sign a consent to search without a warrant so that Officer Taylor could investigate the complaints of sexual activity and furnishing alcohol and drugs to juveniles. No evidence of the complained-about conduct was found, but during the search, appellant grabbed something off of the kitchen counter. When Officer Taylor inquired what appellant had grabbed, appellant denied grabbing anything. Upon further inquiry, appellant produced a rolling paper.
Officer Taylor found three beer cans which had holes punched in them and white powdery residue around the punched holes. Two were in the kitchen garbage can and one was in appellant's bedroom. From past experience investigating drug cases, Officer Taylor believed that these may have been improvised crack pipes. Officer Taylor also found two medical hemostats in the kitchen that were burnt at the tips, consistent with being used to smoke marijuana. Officer Taylor also found a metal tray which appeared to have on it marijuana seeds and leaf remains.
Officer Taylor charged appellant with two counts of contributing to the delinquency of a minor in violation of Middletown Codified Ordinance ("M.C.O.") 636.125(a)(2), one count of possession of drug paraphernalia in violation of M.C.O. 624.16(b)(1), and one count of drug abuse in violation of M.C.O. 624.03.[1] At a bench trial, Monica Fraley, Patricia Sumpter, and Officer Taylor testified on behalf of the state. Monica testified that she was supposed to be in school that day, although she was later somewhat unsure of this fact. Testimony from Monica and Patricia Sumpter established that Lisa may not have been required to be in attendance at the alternate school program in which she was enrolled at the times she was at appellant's home. At the close of the state's case, appellant made a Crim.R. 29 motion for acquittal, which was denied. Appellant testified on his own behalf.
The trial court found appellant guilty of the contributing to the delinquency of a minor charge relating to Monica and the possession of drug paraphernalia charge. Appellant was acquitted of the other two charges. Appellant was sentenced to serve one hundred eighty days in county jail and pay a $500 fine for contributing to the delinquency of a minor. Appellant was also ordered to not have any contact with Monica or Lisa. Appellant was sentenced to serve ninety days in county jail and pay a $250 fine for possession of drug paraphernalia. Appellant's automobile operator's license was suspended for six months. The jail sentences were ordered to be served concurrently. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FOUND THE APPELLANT GUILTY ON THE CHARGE OF CONTRIBUTING TO THE DELINQUENCY OR UNRULINESS OF A MINOR IN THAT SUCH FINDING IS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 In his first assignment of error, appellant contends that his conviction of contributing to the delinquency of Monica Fraley was against the weight of the evidence. Appellant argues that the state failed to prove that Monica was supposed to be in school at the times she visited appellant.
A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386-87, rehearing/reconsideration denied, 79 Ohio St.3d 1451. When inquiring into the manifest weight of the evidence, the reviewing court sits as the "thirteenth juror and makes an independent review of the record."Id. at 387; Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211, 2218. In taking on this role,
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
State v. Martin (1983), 20 Ohio App.3d 172, 175. A decision will not be disturbed on appeal as being against the weight of the evidence if reasonable minds could arrive at the conclusion reached by the trier of fact. State v. Fields (1995), 102 Ohio App.3d 284,287.
M.C.O. 636.125 provides:
(a) No person shall do either of the following:
* * *
 (2) Act in a way tending to cause a child * * * to becoming an unruly child or a delinquent child.
Contributing to the delinquency of a minor is a strict liability offense. State v. Wood (1989), 63 Ohio App.3d 855,859, appeal dismissed, 48 Ohio St.3d 704, certiorari denied (1990), 497 U.S. 1028, 110 S.Ct. 3281. In proving the charge of tending to contribute to a minor's delinquency, the state need not show the child's unruliness or delinquency. State v.Andriola (1990), 70 Ohio App.3d 69, 71. Rather, the state must demonstrate that the defendant's acts were of such a nature as to tend to cause the child's unruliness or delinquency. Statev. Gans (1958), 168 Ohio St. 174, paragraph one of the syllabus, certiorari denied (1959), 359 U.S. 945, 79 S.Ct. 722. Thus, the statute is a protective measure designed to give the state the power to prevent children from becoming unruly or delinquent. Id. The truancy of the child, or the tendency of the defendant's acts to encourage that truancy, is the basis of the offense. State v. Michael (1996), 108 Ohio App.3d 285,289.
In the instant case, appellant allowed Monica, a school age child, to visit him and stay at his home on a weekday when she was supposed to be in school. In her testimony, Monica stated quite clearly that she was supposed to be in school that day. Although she later was a little unsure of this fact, any question regarding the veracity of her testimony is a matter of credibility for the trial court to resolve. We may not now question the trial court's decision to find that Monica's testimony was sufficient to show that she was supposed to be in school that day. As such, appellant aided her in being truant from school, and his actions could be said to have tended to cause her truancy. Furthermore, Patricia Sumpter, Lisa's mother, testified that she had previously asked appellant to not let Lisa visit him during school. Appellant was on notice that he should not allow the girls to visit him rather than attend school, yet he encouraged their behavior.
We find that appellant's conviction for contributing to the delinquency of a minor was supported by the weight of the evidence. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT CONVICTED APPELLANT UNDER M.C. 624.16 BECAUSE THE EVIDENCE PRESENTED WAS INSUFFICIENT TO SHOW, BEYOND A REASONABLE DOUBT, THAT APPELLANT KNOWINGLY POSSESSED WITH THE INTENT TO USE DRUG PARAPHERNALIA.
 In his second assignment of error, appellant contends that his conviction for possession of drug paraphernalia was not supported by sufficient evidence. Appellant asserts that the state failed to demonstrate that the items seized were drug paraphernalia or that appellant intended to use them as drug paraphernalia.
Whether the evidence is legally sufficient to sustain a conviction is a question of law. Thompkins, 78 Ohio St.3d at 386. When making this inquiry, an appellate court must determine whether the state has met its burden of production at trial. The court is to assess "not whether the state's evidence is to be believed, but whether, if believed, the evidence against the defendant would support a conviction." Id. at 390 (Cook, J., concurring). Thus, the court, after viewing the evidence in a light most favorable to the prosecution, must conclude whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Smith
(1997), 80 Ohio St.3d 89, 113, rehearing/reconsideration denied,80 Ohio St.3d 1471, citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
M.C.O. 624.16(b)(1) provides:
 No person shall use, or possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body, a controlled substance in violation of any of the provisions of this chapter.
M.C.O. 624.16(a) states:
 (1) "Drug paraphernalia" means all equipment, products and materials of any kind which are used, intended for use, or designed for use, in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body, a controlled substance in violation of any of the provisions of this chapter. It includes, but is not limited to:
* * *
 L. Objects used, intended for use, or designed for use, in ingesting, inhaling, or otherwise introducing marihuna [sic], cocaine, hashish, or hashish oil into the human body, such as:
 1. Metal, wooden, acrylic, glass, stone, plastic or ceramic pipes with or without screens, permanent screens, hashish heads or punctured metal bowls;
* * *
3. Carburetion tubes and devices;
* * *
 6. Roach clips, meaning objects used to hold burning material, such as a marihuna [sic] cigarette, that has become too small or too short to be held in the hand.
* * *
8. Carburetion pipes.
 (2) In determining whether an object is "drug paraphernalia," a court or other authority should consider, in addition to all other logically relevant factors, the following:
* * *
 D. The proximity of the object to controlled substances;
 E. The existence of any residue of controlled substances on the object;
* * *
 L. The existence and scope of legitimate uses for the object in the community; and
M. Expert testimony concerning its use.
 In the instant case, Officer Taylor's search of appellant's home revealed three beer cans with holes punched in their sides and residue around the holes. The search also revealed two medical hemostats which were burnt at their tips and a metal tray with what appeared to be marijuana seeds and leaf remains on it. Officer Taylor also recovered a rolling paper which appellant had tried to hide on his person. Officer Taylor testified about his discovery of the objects, as well as his own physical inspection of these objects.
Officer Taylor testified about his experience in investigating drug cases in the past, and how objects such as those found in appellant's home were used in taking drugs and how they appeared after use. Officer Taylor testified that the beer cans were consistent with homemade crack pipes, and that the residue found on the cans was visually consistent with crack residue. He also testified that the hemostats were burned in a manner consistent with "roach clips," used when a marijuana cigarette becomes too small to hold in one's fingers. Officer Taylor testified that the tray appeared to have marijuana seeds and leaf remains on it, and that the rolling paper possessed by appellant was consistent with that which can be used in making marijuana cigarettes.
Appellant responds that he did not know where the beer cans came from, that he had no idea that the hemostats could be used for drug use, and that he tried to hide the rolling paper because he was afraid Officer Taylor would suspect him of drug use. Obviously, appellant was correct as to this last point. The claims made by appellant go to appellant's credibility, and the trial court obviously found Officer Taylor's testimony more credible in this matter. The objects showed physical signs consistent with drug use. The metal tray had on it what appeared to be marijuana. The testimony and evidence supports the trial court's conclusion that the objects were intended to be used as and used as drug paraphernalia.
We find that appellant's conviction for possession of drug paraphernalia is supported by sufficient evidence. Appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] The M.C.O. provisions are equivalent to like Revised Code provisions: R.C. 2919.24(A)(2), contributing to the unruliness or delinquency of a child; R.C. 2925.14(C)(1), possession of drug paraphernalia; and R.C. 2925.11, drug abuse.