OPINION
{¶ 1} Defendant-appellant, Kenneth Kindle, brings this appeal from a Hancock County Common Pleas Court, Juvenile Division, judgment of conviction and sentence entered upon a plea of no contest to contributing to the unruliness or delinquency of a minor in violation of R.C.2919.14(A)(2). In his appeal, Kindle claims that the state failed to present any facts supporting that he committed an act that would tend to cause a child to become unruly or delinquent. Having reviewed the factual matters contained in the material upon which the court predicated its determination of guilt, we do not find that the state failed to establish an essential element of the offense: Kindle's interaction with a child, whom he knew to be fifteen years old and intoxicated, after curfew, in a motor vehicle containing open containers of beer being consumed by the occupants, including the child, is conduct of such a nature as would tend to cause unruliness or delinquency. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} Facts and procedural posture pertinent to issues raised on appeal are as follows: On October 19, 2001, a complaint was filed in the Hancock County Common Pleas Court, Juvenile Division, alleging that Kindle had contributed to the delinquency or unruliness of a child by permitting the child to possess and consume beer and to violate curfew. Kindle was subsequently arraigned and entered a plea of not guilty. When Kindle failed to appear for trial, a bench warrant was issued for his arrest. After being apprehended on the bench warrant, Kindle appeared in court with counsel, entered a plea of no contest, and waived a reading of the statute, penalties, rights, and police report. The court then confirmed that the plea was knowing and voluntary, reviewed the circumstances surrounding the charge, entered a finding of guilt, and proceeded to sentencing. From the judgment of conviction and sentence, Kindle appeals, presenting the following assignment of error for our consideration:
 Assignment of Error {¶ 3} "The Trial Court below erred in finding the Defendant-Appellant guilty upon acceptance of his plea of no contest, for the reason that review of the facts set forth in the report of the arresting officer does not support a finding that the defendant committed the offense as charged."
 {¶ 4} Within the assigned error, Kindle claims that the state failed to present any facts supporting that he committed an act which would tend to cause a child to become unruly or delinquent. We disagree.
 {¶ 5} In the case of a misdemeanor offense, a no contest plea constitutes "an admission of the truth of the facts alleged in the indictment, information or complaint,"[1] and a stipulation that the trial court may ascertain the defendant's guilt from the explanation of circumstances and impose or continue for sentence accordingly.[2] The no contest plea may not, however, be the basis for a finding of guilt without an explanation of facts supporting the complaint.[3] "[A] defendant has a substantive right to be discharged by a finding of not guilty where the statement of facts reveals a failure to establish all of the elements of the offense."[4] However, a court may make its finding of guilt from the explanation of circumstances by the State, whether the factual matters are contained in a statement of facts or other evidence presented to and reviewed by the court.[5]
 {¶ 6} In the instant case, Kindle pled no contest to violating R.C. 2919.24(A)(2), which provides, in pertinent part:
 {¶ 7} "(A) No person shall do either of the following:
 {¶ 8} "* * *
 {¶ 9} "(2) Act in a way tending to cause a child or a ward of the juvenile court to become an unruly child, as defined in section 2151.022
of the Revised Code, or a delinquent child, as defined in section 2152.02
of the Revised Code;
 {¶ 10} "(B) Whoever violates this section is guilty of contributing to the unruliness or delinquency of a child, a misdemeanor of the first degree. Each day of violation of this section is a separate offense."[6]
 {¶ 11} Where it is charged that the defendant did "act in a way tending to cause" unruliness or delinquency of a child under R.C.2919.24(A)(2), it is not necessary to establish an actual unruliness or delinquency, but only that the defendant's acts are such as would tend to cause unruliness or delinquency of the child.[7] The division is a preventative measure intended to dissuade adults from pursuing a course of conduct which tends to cause unruliness or delinquency.[8] Pursuant to R.C. 2151.022, "unruly child" includes any child who behaves in a manner as to injure or endanger the child's health or morals, the health or morals of others, or any child who violates a law, other than division (A) of section 2923.211 or section 2151.87 of the Revised Code, that is applicable only to a child. Pursuant to R.C. 2152.02(F)(1), "delinquent child" includes any child, except a juvenile traffic offender, who violates any law of this state or the United States, or any ordinance of a political subdivision of the state, that would be an offense if committed by an adult.
 {¶ 12} During the March 29, 2002 hearing, the trial court reviewed the proceedings to date, confirmed that Kindle's plea was knowing and voluntary, and then requested a statement of facts from the state, specifically inquiring as to certain information contained in the police report. The police report and statement of facts provide that on August 25, 2001, at approximately 2:50 a.m., the Findlay Police Department received a report that security officers at a local hospital had observed a vehicle on hospital property in which four individuals appeared to be consuming alcohol. The security officers reported having observed several containers of beer and a white substance resembling cocaine on the dashboard. When the security officers approached the vehicle to inform the occupants that they were on private property, one of the occupants brandished what appeared to be a gun.
 {¶ 13} Findlay police subsequently located the vehicle and its occupants at a convenience store. The driver of the vehicle was identified as John Kinser, age twenty-two, and the front passenger was identified as Nathan Bennett, age twenty-nine. Kindle, age thirty-one, and a fifteen-year-old, who appeared to be intoxicated, were in the rear passenger seats. When questioned, Kinser indicated that he had picked up the other occupants roughly an hour earlier and then proceeded to the vicinity of the hospital to view a nearby lake. A subsequent search of the vehicle produced twelve unopened cans of Bud Light in an opened case of beer and two partially consumed cans of Bud Light; one under the front passenger seat and one on the floor in the rear of the car. No firearm was found. The minor was arrested for underage consumption and violation of curfew. When advised of the discovery, Kindle indicated that he would take the blame for the beer, but maintained that it belonged to the minor. During the hearing, Kindle admitted that the vehicle's occupants were aware of the boy's intoxication and, when asked whether he knew the boy to be a minor, responded: "Yes, I did. That's what I said when we seen [sic] him, I picked him up."
 {¶ 14} The complaint against Kindle charges that he "did act in a way tending to cause a child or ward of the juvenile court to become an unruly" and that he "act[ed] in a way tending to cause the [child] to become a delinquent child when he was an occupant in a motor vehicle which contained open containers of beer that were being consumed by the occupants, including [the child][.]" In its statement of facts, the State reiterated that Kindle and the other adult occupants were charged with contributing to the unruliness or delinquency of a child because they had permitted the child to accompany them in the vehicle after curfew while consuming alcoholic beverages.
 {¶ 15} Mindful that Kindle's plea amounts to an admission of the truth of facts alleged in the indictment, complaint, and information presented in support thereof, and having reviewed the factual allegations contained in the material upon which the court predicated its determination of guilt, we do not find that the State has failed to establish an essential element of the offense. Regardless of who was driving the car or who supplied the alcohol, Kindle's interaction with the child, whom he knew to be fifteen years old and intoxicated, after curfew, in a motor vehicle containing open containers of beer being consumed by the occupants, including the child, is conduct of such a nature as would tend to cause unruliness or delinquency. Accordingly, Kindle's assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Hancock County Common Pleas Court, Juvenile Division, is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] Crim.R. 11(B)(2).
[2] R.C. 2937.07.
[3] R.C. 2937.07; Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148,150.
[4] Bowers at 150, quoting Springdale v. Hubbard (1977),52 Ohio App.2d 255, 259-260; see, also, State v. Puterbauh (2001),142 Ohio App.3d 185, 189; State v. Gilbo (1994), 96 Ohio App.3d 332,337.
[5] State v. Waddell (1995), 71 Ohio St.3d 630, at syllabus; Bowers at 151.
[6] R.C. 2919.24 was amended by 2000 s 179, § 3, eff. 1-1-02, and 2001 s 3, eff. 1-1-02.
[7] State v. Andriola (1990), 70 Ohio App.3d 69, 71; State v. Gans
(1958), 168 Ohio St. 174, 176.
[8] Gans at 176.