**The STATE of Ohio**

**v.**

**WILSON.**

Akron Municipal Court,
Summit County, Ohio.

No. 99 CRB 05507.

Decided Oct. 29, 1999.

44

*Elizabeth Williams*, Akron Assistant Prosecutor, for plaintiff.

*A. William Zavarello*, for defendant.

---

ELINORE MARSH STORMER, Judge.

This case was tried to the court on October 7, 1999. The state of Ohio charged Markelle Wilson with obstructing official business pursuant to R.C. 2921.31.

On May 22, 1999, at 4:00 a.m., defendant Markelle Wilson was a passenger in a car with three others near the University of Akron. Officer Aaron Burnett, a University of Akron officer on routine patrol, saw the car veer quickly and suddenly pull into and out of a commercial parking lot. Officer Burnett followed

the car, intending to cite the driver for reckless operation. The car suddenly pulled into a residential driveway and one of the passengers ran from the car, jumped a fence, and disappeared. Officer Burnett called for backup, and officers responded. Officers Burnett and Moore questioned the three on scene, including the defendant, while backup officers pursued the fleeing suspect. Burnett testified that defendant either denied that there was a fourth person in the car or stated that she did not know the identity of the fourth passenger who had run away.

The other two passengers had warrants for their arrest and were arrested. Officers Burnett and Moore searched the car and found the fleeing suspect's parole papers and identification. As the officers searched the car, they heard on their radio that the fleeing suspect had been caught. The fleeing suspect was identified after being taken into custody. The officers released defendant initially but charged her with obstructing official business after the runner admitted being in the car. At trial, defendant denied lying to the police about the fourth passenger.

R.C. 2921.31, the "Obstructing Official Business" statute, provides that "[n]o person * * * shall do any act which hampers or impedes a public official in the performance of his lawful duties." The issue of whether making a false statement constitutes an "act" has been the subject of recent scrutiny.

■ After a period of confusion in the case law, the Supreme Court recognized that false statements made to police officers during field investigations may be a violation of the obstructing official business statute. See *State v. Lazzaro* (1996), 76 Ohio St.3d 261, 266, 667 N.E.2d 384, 387–388, overruling *Columbus v. Fisher* (1978), 53 Ohio St.2d 25, 7 O.O.3d 78, 372 N.E.2d 583, and *Dayton v. Rogers* (1979), 60 Ohio St.2d 162, 14 O.O.3d 403, 398 N.E.2d 781, which held that such statements were not punishable under R.C. 2921.31. The court in *Lazzaro* reasoned:

"The General Assembly has adopted legislation intended to discourage individuals from purposely giving false information that hinders public officials in the performance of their duties. Complete and honest cooperation with the law enforcement process by all citizens is essential to the effective operation of the justice system." (Internal citation omitted.) *Id.*

The reason for this change is set forth in *State v. Bailey* (1994), 71 Ohio St.3d 443, 644 N.E.2d 314, in which the court stated that, when the earlier cases were decided, federal law was not conclusive as to whether unsworn false statements could be punishable under federal statutes. See *Bailey* at 446, 644 N.E.2d at 316–317. At that time, the policy for not punishing false oral statements was to prevent a police officer from forcing a defendant to choose between lying and

going to jail, and telling the truth and going to jail. See *id.* at 445, 644 N.E.2d at 315–316. Since those decisions, federal law has "firmly established that unsworn false oral statements made for the purpose of impeding an officer's investigation are punishable." *Id.* at 446, 644 N.E.2d at 316. The Ohio Supreme Court cited *United States v. Rodgers* (1984), 466 U.S. 475, 104 S.Ct. 1942, 80 L.Ed.2d 492, to support this proposition, and outlined the policy reasons for criminalizing false oral statements, including the necessity of maintaining an "open line of communication between the general public and law enforcement agencies." (Internal citation omitted.) *Id.* Thus, it is now well settled in both federal and state law that making an unsworn false oral statement to a police officer can indeed be a criminal act.

■ This court must consider the next element of the crime, whether defendant's statements hampered or impeded the charging police officer's investigation. Although *State v. Stephens* has been overruled by *Lazzaro, supra,* the opinion provides useful commentary on the meaning of "hamper" and "impede." See (1978), 57 Ohio App.2d 229, 230, 11 O.O.3d 301, 301–302, 387 N.E.2d 252, 253. The court cites the dictionary definitions of both terms and states that "these definitions make clear that there must be some substantial stoppage of the officer's progress before one can say he was hampered or impeded." *Id.* This court construes the statute and holds that a false statement, even if made with the intent to hamper or impede, does not violate state law unless the officer is actually hampered in some substantial way.

■ In the case *sub judice,* Officer Burnett observed four passengers in the car, saw one passenger run away from the car, and called for backup specifically to apprehend the runner. Notwithstanding the alleged statements of the defendant, there was never any doubt that there was a fourth passenger or that he had fled. The officers arresting the runner identified him at the hospital; Officer Burnett had located his identity papers contemporaneously with his apprehension.

Thus, defendant's statements, even if false, did not cause "substantial stoppage of the officer's progress." In fact, they had no effect whatsoever on the police pursuing the runner. The defendant did not impede or hamper Officer Burnett himself in pursuing his official duties. Even if all of the prosecution's facts are true and even if defendant had the requisite intent, she did not engage in any act that would make her culpable under R.C. 2921.31. The statute requires not only a culpable state of mind but also an action that actually impedes or hampers a police officer in his or her official duties. In this case, if the defendant made false oral statements to Officer Burnett, her statements did not substantially stop his progress, since he had already seen the runner and called for backup to apprehend him.

Therefore, the court finds defendant NOT GUILTY of the charge of obstructing official business under R.C. 2921.31 and discharges her.

IT IS SO ORDERED.

*Judgment accordingly.*