**The STATE of Ohio, Appellee,**

v.

**PUTERBAUGH, Appellant.**

[Cite as *State v. Puterbaugh* (2001), 142 Ohio App.3d 185.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 00CA002.

Decided March 28, 2001.

Susan M. Daniels, for appellant.

Kathryn Hapner, Hillsboro Deputy City Law Director, for appellee.

EVANS, Judge.

This is an appeal from the judgment of the Hillsboro Municipal Court, which, following a plea of no contest, found defendant–appellant, Clarissa Puterbaugh, guilty of obstructing official business in violation of R.C. 2921.31, a second-degree misdemeanor. Appellant argues that the trial court should have found her not guilty upon her plea of no contest because the complaint and supporting affidavit lacked any indication that she had acted with the requisite intent. Appellant also argues that the trial court should have found her not guilty because her actions did not constitute obstructing official business under R.C. 2921.31. We find appellant's second argument to be well founded and reverse the judgment below.

On December 20, 1999, Officer Foister Hampton, of the Hillsboro Police Department, went to the residence of Clarissa Puterbaugh in search of Claney Crawford. Upon arriving at appellant's residence, Officer Hampton was greeted by the appellant. Officer Hampton informed Puterbaugh that he had a warrant for the arrest of Claney Crawford.

Appellant informed the officer that Crawford had moved out of the residence in April 1999. The officer replied that he had just spoken to Crawford at appellant's residence the previous day and that she had given him a false name. Appellant confirmed the officer's story, stating that Crawford had been there the day before but that she had left to return home. Officer Hampton asked appellant if he could search the apartment and appellant responded in the affirmative.

Upon searching the apartment, Officer Hampton found Crawford sleeping in an upstairs bedroom. Appellant was charged with obstructing official business under R.C. 2921.31. At the time of her arrest and again at her arraignment, appellant claimed not to have known that Crawford was in her apartment at the time in question.

Appellant pled no contest at her arraignment. After reading Officer Hampton's affidavit, the trial court found appellant guilty of obstructing official business and sentenced her to one hundred eighty days in jail with one hundred seventy-eight days suspended, a $100 fine, and three years' probation.[1]

Appellant filed a timely notice of appeal, and presents two assignments of error for our review.

"*First Assignment of Error:*

---

1.  As previously noted, obstructing official business is a misdemeanor in the second degree, and carries a possibility of ninety days in jail and a fine of up to $750. See R.C. 2929.21(B)(2) and (C)(2). The trial court imposed a sentence greater than that allowed by law, but since we are reversing the trial court's judgment, there is no need for us to address this issue.

"The trial court erred in finding Clarissa Puterbaugh guilty of obstructing official business upon her plea of no contest when the allegations in the complaint and affidavit utterly lacked any indication that Clarissa acted purposefully.

"*Second Assignment of Error:*

"The trial court erred in finding Clarissa Puterbaugh guilty of obstructing official business contrary to O.R.C. 2921.31 for making an unsworn misstatement to a police officer."

As a preliminary matter, we first turn to the Ohio Rules of Criminal Procedure for guidance as to the requirements imposed upon the trial court, and with which that court must comply, before accepting a plea of no contest to a misdemeanor such as this from a defendant not represented by counsel. Crim.R. 11(E) applies to misdemeanors involving petty offenses and requires that, before accepting a plea of no contest, the trial court must inform the defendant of the effects of the guilty, not guilty, and no contest pleas. Crim.R. 44(B) also applies, and states that in cases where the defendant is not represented by counsel, "no sentence of confinement may be imposed upon [the defendant], unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel," and this waiver of counsel must be recorded in accordance with Crim.R. 22. The record discloses no evidence that the trial court, prior to accepting appellant's plea of no contest, informed her of the implications of the various pleas or advised her of her right to counsel, thereby making it impossible for appellant to knowingly, intelligently, and voluntarily waive that right.

Although these requirements are very important safeguards, we need not further address the question of compliance with them by the court below because we are reversing the judgment of the trial court on other grounds.

I

■ In her first assignment of error, appellant argues that she was entitled to a finding of not guilty on her no contest plea because the explanation of facts provided by the prosecution, through the complaint and the officer's affidavit, failed to establish that appellant acted purposefully or with the intent requisite to constitute a violation of R.C. 2921.31.

■ According to Crim.R. 11(B)(2), "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint * * *." The no contest plea constitutes a stipulation that the judge may make a finding of guilty or not guilty from the explanation of circumstances. R.C. 2937.07. However, to gain a conviction of a defendant who has entered a no contest plea, the state must provide an explanation of circumstances to maintain the offense. *State v. Gilbo* (1994), 96

Ohio App.3d 332, 337, 645 N.E.2d 69, 72. "[The] explanation is sufficient if it supports *all* the essential elements of the offense." (Emphasis added.) Therefore, a defendant who pleads no contest should be found not guilty where the state's statement of facts does not establish all of the offense's elements. *Id.*, citing *Cuyahoga Falls v. Bowers* (1984), 9 Ohio St.3d 148, 9 OBR 438, 459 N.E.2d 532.

In the present case, the offense charged was obstruction of official business, in violation of R.C. 2921.31. The statute states:

"No person, without privilege to do so and with *purpose to prevent, obstruct, or delay* the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties." (Emphasis added.) R.C. 2921.31(A).

Therefore, amongst the elements of this offense is the intent requirement that the action must have been done with the "purpose to prevent, obstruct, or delay" the official's conduct.

The law has long recognized that intent is not discernible through objective proof.

█ "The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person, and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court." *State v. Huffman* (1936), 131 Ohio St. 27, 5 O.O. 325, 1 N.E.2d 313, paragraph four of the syllabus.

"The purpose with which a person does an act is determined from the manner in which it is done, the means used, and all the other facts and circumstances in evidence." *State v. Hardin* (1984), 16 Ohio App.3d 243, 245, 16 OBR 266, 269, 475 N.E.2d 483, 486.

Therefore, the purpose with which appellant misspoke to Officer Hampton can be inferred from the facts and circumstances surrounding that statement. The trial court properly considered the complaint and the statement of facts given by the prosecution, which consisted of the officer's affidavit, to make a determination as to appellant's guilt. This necessarily included appellant's purpose for making the untrue statement to the officer. Since appellant's intent can be inferred from the surrounding circumstances, the trial court did not err in finding appellant had the requisite intent.

█ In her brief, appellant refers to statements she made as evidence that she did not act purposefully. However, by pleading no contest, the appellant waived her right to provide evidence of her innocence and the reasons for her

actions. The no contest plea is an admission to the facts as laid out by the prosecution. " 'The essence of the "no contest" plea, is that the accused cannot be heard in defense. Thus any statement by him must be considered as in mitigation of penalty.' " *State v. Herman* (1971), 31 Ohio App.2d 134, 140, 60 O.O.2d 210, 214, 286 N.E.2d 296, 300, quoting Schneider, Ohio Criminal Code (3 Ed.1963), Section 10.1, fn. 4. The trial court acted properly by refusing to consider those statements when it made its finding of guilt upon appellant's no contest plea.

Accordingly, appellant's first assignment of error is overruled.

## II

In her second assignment of error, appellant argues that she was entitled to a finding of not guilty on her no contest plea because the making of "an unsworn misstatement to a police officer" is not an action on her part that constitutes obstructing official business, in violation of R.C. 2921.31.

Contrary to the argument posed in appellee's brief, the crime at issue in this case is obstructing official business under R.C. 2921.31 and not falsification under R.C. 2921.13. Although these statutes are similar, they are distinctly different in their language and application. Therefore, there is no need to discuss falsification, as it was not applied by the lower court, nor is it at issue here.

In *State v. Lazzaro* (1996), 76 Ohio St.3d 261, 667 N.E.2d 384, a nursing home administrator provided false statements to police that there were no witnesses to an assault being investigated, and she was convicted of obstructing official business. In upholding her conviction, the Supreme Court of Ohio held that "[t]he making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of * * * R.C. 2921.31(A)." *Id.*, syllabus.

In *Lazzaro*, the accused had provided false information to the investigating officer, which caused a delay and impeded his investigation. *Id.* In that case, the accused lied to police regarding the existence of a witness; the police relied on that information and issued a report that had to be retracted after the existence of the witness came to light. *Id.* Therefore, an unsworn, false statement can be an "act" under the statute if that statement "hampers or impedes a public official in the performance of his lawful duties." R.C. 2921.31(A).

Prior to *Lazzaro*, the Supreme Court of Ohio also had stated that "[t]he making of [an] unsworn false oral statemen[t] to a law enforcement officer with the purpose to hinder the officer's investigation of a crime is punishable conduct." *State v. Bailey* (1994), 71 Ohio St.3d 443, 644 N.E.2d 314, syllabus. However, the

appellant in that case sought review of her conviction for obstructing justice under R.C. 2921.32(A)(5), which reads:

"(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime, or to assist another to benefit from the commission of a crime, shall do any of the following:

"* * *

"(5) Communicate false information to any person."

The appellant in *Bailey* was convicted because she blocked the entrance to her brother's home in an attempt to prevent police officers from entering and arresting him. While blocking the entrance, she continually stated that her brother was not home and that he had left. The police, who had good basis for believing that he was home, subsequently found him hiding in the basement. *Id.*

Those facts are unlike the facts of the case *sub judice*. The record here discloses that appellant did not block the entrance to her home, but that she in fact voluntarily gave her consent to the officer to enter her home and search for the individual for whom he had an arrest warrant. Also, the case at bar does not involve an appellant convicted of obstructing justice, but of obstructing official business. The crime of obstruction of justice does not require that a defendant's action be one "which hampers or impedes a public official * * *." See R.C. 2921.31.

In *State v. Stayton* (1998), 126 Ohio App.3d 158, 709 N.E.2d 1224, the First District Court of Appeals held that there is no requirement that the state prove that the conduct of the accused prevented a public official from performing his duties. *Id.* at 163–164, 709 N.E.2d at 1227. The state must prove that the accused's conduct hampered or impeded a public official's performance of his duties. *Id.*

The *Stayton* court further stated that although the statute only requires that the accused's action hamper or impede official business, "[t]hat is not to suggest that every act that can conceivably be said to hinder a police officer rises to the level of criminal conduct. Certainly there is a level of hindrance that is simply too casual, remote, or indirect to be punishable under the statute. Although entitled to full respect of the badge and uniform in the execution of his or her duty, a police officer is expected to tolerate a certain level of uncooperativeness, especially in a free society in which the citizenry is not obliged to be either blindly or silently obeisant to law enforcement. Interference with the police by citizens must, therefore, be necessarily viewed as a continuum along which, at a certain point, the line is crossed." *Id.* at 164, 709 N.E.2d at 1227.

In *State v. Smith* (1996), 108 Ohio App.3d 663, 671 N.E.2d 594, this court held that true, boisterous comments made by a defendant to a police officer during his

attempts to question another witness did not constitute an act under R.C. 2921.31(A). In his dissent, however, Judge Harsha stated that "proper focus * * * is on [appellant's] conduct and its effect." *Id.* at 671, 671 N.E.2d at 599 (Harsha, J., dissenting). Under this approach, the fact that the act involves oral statements, true or false, is irrelevant. If the appellant spoke with the "purpose to prevent, obstruct, or delay" official business (intent) and that speech hampered or impeded the official in the performance of his duties (act), there is a violation of the statute.

Although only persuasive authority, a recent case cited by appellant provides an example of the statute's application. *State v. Wilson* (1999), 101 Ohio Misc.2d 43, 721 N.E.2d 521. In that case, the Akron Municipal Court found a defendant not guilty of obstructing official business when that individual's false oral statements to a police officer did not impede or hamper him from performing his official duties. The defendant in that case was one of four passengers in an automobile that was approached by police. One passenger ran from the vehicle when he spotted the officer approaching. The approaching officer had backup officers pursue and apprehend the fleeing individual while he questioned the other three occupants of the vehicle, including the defendant. The defendant told the officer that she had no knowledge concerning the fourth passenger.

■ Appellant, similar to the defendant in *Wilson,* made a false statement to a police officer concerning someone he was seeking. Also similar is the fact that that statement did not hamper or impede the officer's performance of his duties. The officer in *Wilson* knew of the fourth passenger and regardless of the defendant's statement had initiated the required pursuit of him because the passenger had fled. In the case *sub judice,* Officer Hampton asked if he could come into appellant's home and would have likely needed to do so even if appellant had said that Crawford was upstairs sleeping. Creating a situation where a police officer has to ask a question does not rise to the level of criminal action. See *State v. Stayton, supra.* Also, based on the present record, because appellant voluntarily allowed the officer to enter her home to search for Crawford, even after she told him Crawford was not there, negated any potential interference with the officer performing his duties.

Therefore, there is nothing in the explanation of facts that establishes the required element of an "act which hampers or impedes a public official in the performance of his lawful duties." R.C. 2921.31. Since a required element of the crime of obstructing official business is absent from the explanation of facts provided by the prosecution, appellant was entitled to a finding of not guilty and discharge. *State v. Gilbo,* 96 Ohio App.3d at 337, 645 N.E.2d at 72. Therefore, the trial court erred in finding appellant guilty on her no contest plea.

Appellant's second assignment of error is sustained, and the judgment of the Hillsboro Municipal Court is hereby reversed.

*Judgment reversed*
*and cause remanded.*

HARSHA and KLINE, JJ., concur in judgment only.