DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Jackson County Court of Common Pleas which denied Defendant-Appellant Ronald K. Allen's motion for acquittal. Consequently, Allen was convicted of theft, a fifth-degree felony in violation of R.C. 2913.02.
Allen argues that the trial court erred in denying his motion because the state failed to sufficiently prove the requisite element of mensrea.
We find Allen's argument to be without merit and affirm the well-reasoned judgment of the trial court.
I. The Proceedings Below
Defendant-Appellant Ronald Allen worked for TNT Trucking, a Hamden, Ohio, company that hauls products manufactured by Mills Pride, Inc., of Jackson, Ohio.
In April 1999, Allen was assigned to transport a load of Mills Pride cabinets to a Home Depot store in Wilkes Barre, Pennsylvania.
Upon arrival, the shipment was refused by an employee of Home Depot. Accordingly, Allen returned to Jackson with the entire load. However, instead of returning the property to Mills Pride, he stopped in the parking lot of a shopping center and, with the help of two other men, began unloading the cabinets into his pick-up truck.
At approximately 11:00 p.m., before Allen could finish transferring the cargo into his vehicle, he was interrupted by Officer Rick Callebs of the Jackson Police Department. Upon questioning, Allen stated that the cabinets were a gift to him from the Pennsylvania Home Depot store. Not believing Allen's story, Officer Callebs arrested him.
In July 1999, Allen was indicted by the Jackson County Grand Jury on two counts: (1) receiving stolen property, a fifth-degree felony in violation of R.C. 2913.51; and (2) theft, a fifth-degree felony in violation of R.C. 2913.02.
In February 2000, Allen's case was tried before a jury in the Jackson County Court of Common Pleas. During the course of the trial, Allen made an oral motion for acquittal. In support of this motion, he argued, interalia, that "there has been no evidence of any kind with regard to * * * [his] intent to deprive Mills Pride of the cabinets * * *."
The trial court orally overruled Allen's motion, finding that "the essential elements have been established * * *."
Subsequently, the case was submitted to the jury, and, after deliberation, it returned a unanimous verdict: it acquitted Allen of the receiving-stolen-property charge and convicted him of the theft charge.
In October 2000, the lower court issued its sentencing entry, sentencing appellant to five years of community sanctions with certain conditions.
II. The Appeal
Allen timely filed an appeal with this Court, assigning the following error for our review:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY ALLOWING APPELLANT TO BE CONVICTED WHERE THE STATE FAILED TO PROVE AN ESSENTIAL ELEMENT OF THEFT, THAT BEING [MENS REA], BY DENYING DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL.
Crim.R. 29(A), in relevant part, provides that the trial court, "on motion of a defendant[,] * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction * * *." Crim.R. 29(A).
In evaluating such a motion, "[a]n appellate court undertakes de novo
review of the trial court's decision." State v. Neptune (Apr. 21, 2000), Athens App. No. 99CA25, unreported, citing State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
A Crim.R. 29(A) motion requires the trial court to "test the sufficiency of the evidence presented at trial." Neptune, supra; accordState v. Williams (1996), 74 Ohio St.3d 569, 660 N.E.2d 724, certiorari denied 522 U.S. 1002, 118 S.Ct. 574. In evaluating such a motion, the trial court should not grant an acquittal "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. In making this determination, the trial court must construe the evidence in a light most favorable to the prosecution. See id. at 263.
Thus, the question an appellate court must answer is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks,61 Ohio St.3d at 259, 574 N.E.2d at 492, paragraph two of the syllabus, following Jacksonv. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781; accord State v.Williams, 74 Ohio St.3d at 576, 660 N.E.2d at 732. Stated another way, "an appellate court will only reverse a trial court's decision on a motion for acquittal if reasonable minds could only reach the conclusion that the evidence failed to prove all the elements of the crime beyond a reasonable doubt." State v. Woodruff (Apr. 27, 2001), Montgomery App. No. 18164, unreported; accord State v. Miley (1996), 114 Ohio App.3d 738,684 N.E.2d 102.
Here, Allen asserts that the state did not establish the mens rea
element of theft. "The mens rea element of theft requires a `purpose to deprive the owner of property,' and that the defendant must `knowingly obtain or exert control' over the property." State v. Woodruff (Apr. 27, 2001), Montgomery App. No. 18164, unreported, quoting R.C. 2913.02.
The state proffered the following evidence in support of this element: testimony establishing that there is an ongoing contract between Mills Pride and Home Depot for the former to supply the latter with cabinets, and transportation of these products to be supplied by TNT Trucking; testimony explaining that drivers who have more Mills Pride product on board — an overage — than the Home Depot store might need, are to "contact [their] dispatcher * * *[,] advise them of the situation and they will make arrangements"; testimony that it is specifically against company policy to permit the drivers to take the product home; testimony regarding various receipting-system and overage policies with which the drivers are expected to be familiar, which policies are specifically designed to deter theft; testimony establishing that, after Home Depot refused the cabinets, Allen did not contact Mills Pride or TNT Trucking, but instead unloaded them into his own vehicle, in a shopping-mall parking lot, at approximately 11:00 p.m.; testimony that Allen in no way had consent from Mills Pride to keep the cabinets; and testimony from a Mills Pride representative that Allen had admitted to him that he knew it was improper to take the cabinets home.
Allen argues that this circumstantial evidence is not enough. He maintains that he believed Home Depot was the true owner of the cabinets and that it had given him the property as a gift. Allen bases this argument on his — questionably hearsay — testimony that a Home Depot employee had told him, in refusing the delivery, to "take the property home." Thus, he testified, he took this to mean that the cabinets were a gift to him from Home Depot.
According to Allen, despite the aforementioned company policies, he believed that, because Home Depot had pre-paid to have the cabinets delivered "FOB destination," that the property was owned by Home Depot instead of Mills Pride. Thus, he maintained, it had the right to make a gift of the cabinets to him.
As we stated earlier, our task is to: (1) "view the evidence in a light most favorable to the prosecution"; and then (2) determine whether "any rational trier of fact could have found [mens rea] * * * proven beyond a reasonable doubt." State v. Jenks, 61 Ohio St.3d at 259,574 N.E.2d at 492, paragraph two of the syllabus.
Here, we find adequate evidence to support a determination by a rational trier of fact that Allen had the requisite mens rea to be convicted of theft. "The law has long recognized that intent is not discernable through objective proof." State v. Puterbaugh (2001),142 Ohio App.3d 185, 755 N.E.2d 359. Indeed, the Supreme Court of Ohio explained that:
 The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court.
State v. Huffman (1936), 131 Ohio St. 27, 1 N.E.2d 313, paragraph four of the syllabus.
Thus, it is entirely proper to determine "[t]he purpose with which a person does an act * * * from the manner in which it is done, the means used, and all the other facts and circumstances in evidence." State v.Hardin (1984), 16 Ohio App.3d 243, 245, 475 N.E.2d 483, 486.
Here, there was testimony regarding: the ongoing contractual relationship between the companies, the policies for dealing with overage, Allen's unloading of the property late at night in a parking lot, Allen's failure to apprise his employer or Mills Pride of his decision to take the property home, Allen's failure to seek the consent of Mills Pride to keep the cabinets, and Allen's statement to a Mills Pride representative that he knew it was improper to take the cabinets home.
Although we find Allen's arguments to be arguably well founded, they are, nevertheless, largely irrelevant to our task at hand. Our objective is not to weigh the defendant's argument against the prosecution's argument. Rather, it is solely to evaluate the evidence in a light most favorable to the prosecution to determine whether the case should have been presented to the jury. See Woodruff, supra. In so doing, we find, after viewing the foregoing evidence in a light most favorable to the prosecution, that a rational trier of fact could have found that mens rea
for theft was established beyond a reasonable doubt. See id.; accordState v. Miley, 114 Ohio App.3d at 738, 684 N.E.2d at 102.
III. Conclusion
For the foregoing reasons, we OVERRULE Allen's sole assignment of error and AFFIRM the well-reasoned judgment of the Jackson County Court of Common Pleas.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., Concurs in Judgment and Opinion.
Kline, J., Concurs in Judgment Only.