OPINION
{¶ 1} Defendant-appellant Brandon Maley appeals his conviction of domestic violence in violation of R.C. 2919.25(A) in the East Liverpool Municipal Court. The issue before this court is whether the record contains a sufficient explanation of the circumstances to support the finding of guilt. For the reasons stated below, the decision of the trial court is reversed, Maley's plea is vacated and this case is remanded to the trial court for further proceedings.
 FACTS {¶ 2} Maley was charged with two counts of domestic violence in violation of R.C. 2919.25(A), a first degree misdemeanor. The victims of the alleged domestic violence were his wife and 22 month-old daughter. At arraignment, the court addressed the entire crowd of defendants. The court discussed the rights of the defendants charged with minor misdemeanors, traffic offenses and potentially jailable offenses. (Tr. 1-6). Concerning a potentially jailable offense, the court stated that the defendant has the constitutional right to trial by a jury and the right to hire an attorney or have an attorney appointed to the defendant if he/she is indigent. (Tr. 5). During this address, the court also informed the group of defendants the effect of a no contest plea and a guilty plea. (Tr. 4-5).
 {¶ 3} After addressing the group as a whole, the court called each individual defendant before it to enter a plea. The court informed Maley that he was charged with two counts of domestic violence in violation of R.C. 2919.25(A), a first degree misdemeanor. (Tr. 7). The court stated that the maximum penalty for each offense was a $1,000 fine and six months in jail. The court told Maley that he had the right to request a court-appointed attorney, he could hire an attorney or he could represent himself. (Tr. 7). Maley informed the court that he did not want an attorney. (Tr. 7). Maley stated that he would enter a no contest plea. (Tr. 7). The court asked Maley whether he understood that by entering this plea he was giving up his right to have the state prove his case beyond a reasonable doubt. (Tr. 7). Maley responded that he understood. (Tr. 8). The court asked if he understood that by entering a plea he was giving up the right to compel witnesses to appear and testify. (Tr. 8). Maley responded that he understood. (Tr. 8). The court asked if he understood that he was giving up the right to testify on his own behalf and the right to not testify against himself. (Tr. 8). Maley stated that he understood. (Tr. 8). The court also asked him if he understood that he could go to jail on this offense. (Tr. 8). Maley responded that he understood. (Tr. 7-8). Maley then signed a written waiver of his right to an attorney and waiver of his right to a jury trial. (Tr. 8-9). He then entered a no contest plea. (Tr. 9).
 {¶ 4} The trial court found him guilty of violating R.C. 2919.25(A), a first degree misdemeanor. The trial court sentenced him to 180 days in jail on each charge and then suspended 150 days on each charge. The trial court ordered the remaining 30 days on each charge to be served concurrently. Maley was fined $100 on each charge. Maley timely appealed his conviction.
 ASSIGNMENT OF ERROR NO. THREE {¶ 5} Maley raises three assignments of error. The third assignment of error will be addressed first. This assignment of error contends:
 {¶ 6} "THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY, AS NO FACTS IN THE RECORD SUPPORTED THE FINDING."
 {¶ 7} Maley claims that no explanation of the circumstances were made on the record in this case. The only evidence to support the conviction are two "Affidavit-Complaints" that recite the words of the statute and insert the names of victims into those elements. The state maintains that the information in the "Affidavit-Complaints" is sufficient to rely on in making a finding of guilty.
 {¶ 8} R.C. 2937.07 requires that when a court finds a defendant guilty after that defendant has entered a no contest plea, an explanation of the circumstances surrounding that finding of guilt must be made on the record. City of Cuyahoga Falls v. Bowers (1982), 9 Ohio St.3d 148,150-151 (stating R.C. 2937.07 requiring an explanation of circumstances following a plea of no contest has not been superseded by the enactment of Crim.R. 11 because the statutory provision confers a substantive right); R.C. 2937.07. It is not enough that the court looks at the record and notes of an officer to determine that the defendant is guilty. Rather, some explanation of the circumstances must be made on the record. Bowers, 9 Ohio St.3d at 150; State v. Murphy (1996),116 Ohio App.3d 41, 44 (stating it is immaterial as to who puts on the record the explanation of circumstances as long as the explanation of circumstances is made on the record). Although an explanation of the evidence is sufficient if it supports all the essential elements of the offense, the explanation does not need to prove beyond a reasonable doubt the elements of the offense. State v. Puterbaugh (2001),142 Ohio App.3d 185, 189. However, when the record is silent as to an explanation of circumstances, it is unclear to the reviewing court whether the trial court made its finding of guilt on the documentary evidence or whether its finding of guilt was made in a "perfunctory fashion." Id.
 {¶ 9} As we have held in prior decisions, an adequate explanation of the circumstances must be made on the record after a defendant has entered his/her no contest plea but before that defendant can be found guilty of the crime charged. See State v. Price (Nov. 27, 1998), 7th Dist. No. 97CA91; State v. Lett (Aug. 31, 1998), 7th Dist. Nos. 97CA153, 97CA155; State v. Groner (Mar. 31, 1998), 7th Dist. No. 96CA144; Statev. Schniable (Apr. 9, 1997), 7th Dist. No. 95CO60. In Price, we acknowledged that the transcript of proceedings revealed that appellant conceded he was involved in the car accident, that he fled the scene of the accident and that if appellant would have stayed with the victim, the victim may have survived. 7th Dist. No. 97CA91 (pled to vehicular homicide). We concluded that the record adequately illustrated that the trial court made its determination in a non-perfunctory manner. Id. However, in Schniable, we held that the record was devoid of sufficient explanations of circumstances. We stated that the record indicated none of the essential elements of the offenses. Schniable, 7th Dist. No. 95CO60 (driving under the influence and left of center). The record inSchniable, disclosed that "from the time appellant entered his plea of no contest until the court's finding of guilty: appellant was sorry, he was single, it was his first conviction, there was no accident and appellant was polite and cooperated with the police." Id. As such, we determined that this was not an adequate explanation of the circumstances to find appellant guilty.
 {¶ 10} In the case at hand, the record is more analogous to the record in Schniable. In response to a question of whether he was going to represent himself, Maley informed the trial court he would plead no contest. The trial court proceeded to inform Maley of some of the rights he was waiving by entering a no contest plea. After that occurred, the following dialog occurred between the court and Maley.
 {¶ 11} "THE COURT: 01-CR-B-1975. Sir, what plea are you going to enter to the Domestic Violence charges?
 {¶ 12} "MR. MALEY: No contest.
 {¶ 13} "THE COURT: And I will find you guilty on this case. I am going to ask you to have a seat back on the bench." (Tr. 9).
 {¶ 14} Maley's plea of no contest is not an admission of guilt, but rather is an admission of the truth of the facts alleged in the indictment, information, or complaint. However, no facts are stated on the record by anyone indicating that Maley committed domestic violence. The record is silent as to the essential elements of the case. Additionally, a complete review of the entire record reveals that the file is devoid of any factual statements concerning the alleged domestic violence. The Affidavit-Complaint only stated that Maley did knowingly cause or attempt to cause physical harm to Holly Maley and Bobbi Maley, a family or household member, contrary to section 2919.25(A) of the Ohio Revised Code, and being a misdemeanor of the first degree. The only element that can be proven by the file is that Holly Maley and Bobbi Maley are Maley's family members. However, this statement was not made at the hearing.
 {¶ 15} The transcript of the entire plea hearing was requested. The court reporter notes at the end of the transcript that nothing else was recorded on the tape with reference to this case. (Tr. 9). The court reporter stated that after reviewing the entire tape, she contacted the bailiff to determine whether this matter could have been heard on a different date, but was told that it was heard that day and the court probably mistakenly forgot to record it. Typically, in the absence of a transcript, the appellate court will normally assume the correctness of the proceedings in the trial court. State v. Estrada (1998),126 Ohio App.3d 553, 556. Although it appears to be a mistake by the trial court in not recording the next proceeding with Maley, Maley could have created a record in accordance with App.R. 9(C). However, this does not affect the outcome in this situation. On the record, from the time the plea was entered until the court pronounced him guilty, no facts or explanation was stated. See Schniable, supra. The later transcript would only reveal Maley's sentence, since the trial court already found him guilty.
 {¶ 16} As such, the court did not comply with R.C. 2937.07. The decision of the trial court is reversed, Maley's plea is vacated, and the cause is remanded for further proceedings.
 ASSIGNMENT OF ERROR NO. ONE {¶ 17} "THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF NO CONTEST, AS IT WAS NOT ENTERED VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY."
 {¶ 18} ASSIGNMENT OF ERROR NO. TWO {¶ 19} "APPELLANT DID NOT VALIDLY WAIVE HIS RIGHT TO COUNSEL."
 {¶ 20} Maley argues under assignments of error one and two that the trial court did not inform him of all of his constitutional rights under the Fifth and Sixth Amendments. As such, he claims his plea and waiver of counsel were not voluntarily, intelligently, and knowingly entered. Constitutional questions do not need to be addressed unless absolutely necessary. Bowers, 9 Ohio St.3d 148. Furthermore, we have already reversed and remanded the case on the above assignment of error, and therefore, these assignments of error are moot. The trial court on remand is required to inform Maley of his constitutional rights in accordance with Crim.R. 11(D) and our prior decision in State v. Moore
(1996), 111 Ohio App.3d 833 (The trial court must inform defendant of Fifth and Sixth Amendment rights before accepting a no contest plea.). We acknowledge that currently pending before the Ohio Supreme Court is the certified question of whether Crim.R. 11(E) requires the trial court to comply with Crim.R. 11(C) when it is informing a defendant charged with a petty offense of his/her rights. State v. Watkins (2002),94 Ohio St.3d 1491. The Watkins decision may have an impact on whether Crim.R. 11(D) also requires the court to comply with Crim.R. 11(C). As such, on remand, the trial court should continue to follow the prior case law of this district. See State v. Ivy (Sept. 18, 2002), 7th Dist. No. 01CA191.
 {¶ 21} For the foregoing reasons, the judgment of the trial court is hereby reversed, Maley's plea is vacated, and this case is remanded for further proceedings according to law and consistent with this court's opinion.
Donofrio, J., concurs.
DeGenaro, J., concurs.