OPINION
{¶ 1} Defendant-appellant, Dennis Brown, pleaded no contest to a third-degree misdemeanor charge of domestic violence contrary to section 636.17(a)(4) of the Middletown Codified Ordinances, was found guilty, and sentenced of record.[1]
 {¶ 2} As his sole assignment of error, appellant claims the trial court erred in accepting his no contest plea because the state failed to prove an essential element of the offense beyond a reasonable doubt.
 {¶ 3} Middletown Cod. Ord. 636.17(a)(4) provides that: "No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause eminent physical harm to the family or household member." See, also, R.C. 2919.25(C).
 {¶ 4} A court may not find the accused guilty on a no contest plea unless the explanation of circumstances contains sufficient information to support all the essential elements of the charged offense. State v.Puterbaugh, 142 Ohio App.3d 185, 2001-Ohio-2498. A plea of no contest is not an admission of guilt, but an admission of the truth of the facts alleged in the charging instrument, as well as the facts set forth by the state in its explanation of the circumstances surrounding the charge.State v. Tamburin (2001), 145 Ohio App.3d 774.
 {¶ 5} Appellant claims the state failed to introduce evidence showing that the victim believed he would cause her eminent physical harm at the time the incident took place. In support thereof, appellant relies upon this court's decision in Hamilton v. Cameron (1997),121 Ohio App.3d 445. However, in Cameron, the accused was charged with violating R.C. 2919.25(A) and (B). This court held that the evidence was insufficient to sustain the charges, then noted that although the complaint did not charge such a violation, the evidence was also insufficient to support a conviction under R.C. 2919.25(C).[2] This court held that: "there must be some evidence either that a victim stated, or that from other evidence it could be inferred, that the victim thought that the accused would cause eminent physical harm." Cameron at 449 (emphasis added).
 {¶ 6} By pleading no contest, appellant admitted the truth of the matters alleged in the complaint. State v. Wood (1996),112 Ohio App.3d 621. Other than presenting some evidence as to each element, the prosecution was relieved of the burden of presenting evidence sufficient to prove all elements beyond a reasonable doubt. Id.
 {¶ 7} During appellant's plea hearing, facts were presented from the victim's statement in the complaint indicating that appellant "[c]ame home very drunk as always, he told me that if I didn't give him back his $50 that he was going to, quote, beat my ass." The complaint also contains the following statement of the victim: "I have gotten to the point I'm scared of him I fear for me and my kids."
 {¶ 8} Having reviewed the record, we find that between the complaint itself and the explanation of circumstances, the state
provided a sufficient factual basis upon which to conclude that appellant, by threat of force, knowingly caused a family member to believe that he would cause eminent physical harm to that individual.
 {¶ 9} Accordingly, we find that the trial court did not err in accepting appellant's no contest plea and finding him guilty of domestic violence.
 {¶ 10} Appellant's sole assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] Appellant was initially charged with a felony violation of domestic violence before pleading no contest to an amended misdemeanor charge under the city ordinance that is similar to R.C. 2919.25(C).
[2] Although essentially dicta, this part of the Cameron decision simply stands for the proposition that R.C. 2919.25(C) is not a lesser included offense of either R.C. 2919.25(A) or (B).